**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,**

v.

**CAMPBELL INDUSTRIES, INC., Respondent.**

No. 81–7243.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 1982.

Decided June 4, 1982.

Rehearing Denied July 2, 1982.

Marianne D. Smith, Washington, D. C., for petitioner.

William H. Taylor, Taylor, Jones & Wilson, San Diego, Cal., for respondent.

Before GOODWIN, SNEED and ANDERSON, Circuit Judges.

GOODWIN, Circuit Judge.

The Director, Office of Workers' Compensation Programs petitions for review of a Benefits Review Board decision which affirmed the administrative law judge's findings that the employee-claimant was totally disabled and entitled to benefits but reversed the administrative law judge's finding that Campbell Industries was not entitled to relief under § 8(f) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 908(f).

The issues on review are: (1) whether the Board exceeded its scope of review of the administrative law judge's decision and (2) whether the employer met the requirements for relief under § 8(f).

The claimant was a general laborer for Campbell. From 1971 through 1973, claimant sustained five injuries on the job. The first four accidents did not result in any residual medical problems and did not result in eligibility for benefits under the Act. Three claims were time-barred under § 13(a) of the Act, 33 U.S.C. § 913(a). The fourth claim was denied because the claimant was not off work for the required period of time. 33 U.S.C. § 906(a).

The fifth injury occurred on September 16, 1973 when claimant injured his lower back shoveling sand. He received treatment and remained off work for six weeks. He attempted to return to work twice in November, 1973, but was unable to perform his regular duties. He has not worked since 1973. Claimant has received continual orthopedic treatment for his back and psychiatric treatment for severe emotional problems. Just before the hearings in June, 1979, claimant attempted suicide.

The administrative law judge found that the claimant was permanently and totally disabled as a result of the injury of September 16, 1973, and also found that the employer was not entitled to relief under § 8(f) of the Act.

Campbell appealed this decision to the Board. The Board affirmed the administrative law judge's finding of permanent total disability but reversed the administrative law judge's finding that Campbell was not entitled to relief under § 8(f).

The Director of the Office of Workers' Compensation Program appeals the reversal of the administrative law judge on the § 8(f) claim.

## A. STANDARD OF REVIEW

Under § 21 of the Act, 33 U.S.C. § 921, the court of appeals must scrutinize Board decisions for "errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations." *Bumble Bee Seafoods v. Director, Office of Wkrs.'*, 629 F.2d 1327, 1329 (9th Cir. 1980). Some cases do not distinguish the functions of the Board and the administrative law judge. Sometimes the Board rather than the administrative law judge is described as the fact-finder. *Duncanson-Harrelson Co. v. Director, etc.*, 644 F.2d 827, 830 (9th Cir. 1981), *National Steel & Shipbuilding Co. v. Bonner*, 600 F.2d 1288, 1291 (9th Cir. 1979); *Cordero v. Triple A Mach. Shop*, 580 F.2d 1331, 1333 (9th Cir. 1978), *cert. denied*, 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459 (1979).

"That holding places in focus the difference in functions between the Benefits Review Board and other administrative agencies. Unlike boards which can, on the record developed before an Administrative Law Judge, make independent factual determinations, the Benefits Review Board is restricted to substantial evidence review." 33 U.S.C. § 921(b)(3). *Atlantic & Gulf Stevedores v. Director, Etc.*, 542 F.2d 602, 608 (3rd Cir. 1976). [Footnote Omitted].

*Accord: Bumble Bee Seafoods v. Director, Office of Wkrs.'*, 629 F.2d 1327, 1329 (9th Cir. 1980).

The Board must accept the administrative law judge's findings unless they are contrary to the law, *Cardillo v. Liberty Mutual Co.*, 330 U.S. 469, 477–78, 67 S.Ct. 801, 806, 91 L.Ed. 1028 (1947), irrational, *O'Keeffe v. Smith Associates*, 380 U.S. 359, 362, 85 S.Ct. 1012, 1014, 13 L.Ed.2d 895 (1965), or unsupported by substantial evidence in the record. *O'Leary v. Brown-Pacific Maxon*, 340 U.S. 504, 508, 71 S.Ct. 470, 472, 95 L.Ed. 483 (1951); *Bumble Bee Seafood v. Director, Office of Wkrs.'*, 629 F.2d at 1329; *Army & Air Force Exchange Service v. Greenwood*, 585 F.2d 791 (5th Cir. 1978); *Presley v. Tinsley Maintenance Service*, 529 F.2d 433, 436 (5th Cir. 1976). If the Board departs from this standard, the court must reverse. *Bumble Bee Seafood v. Director, Office of Wkrs.'*, 629 F.2d at 1329; *Atlantic & Gulf Stevedores v. Director, etc.*, 542 F.2d at 608.

The Director argues that the Board exceeded its statutory scope of review in overturning the administrative law judge's finding that Campbell was not entitled to relief under § 8(f). The medical evidence in this case could support more than one result.

■ Upon such a record, the Board should defer to the administrative law judge's findings on all fact questions unless the findings are not supported by substantial evidence. The Board is not at liberty to reweigh the evidence and substitute its own view. 33 U.S.C. § 921(b)(3).[1] Questions of law are another matter.

## B. LIMITATION OF LIABILITY UNDER § 8(f)

§ 8(f) provides in pertinent part:

" . . . In all other cases in which the employee has a permanent partial disability, found not to be due solely to that injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone, the employer shall provide . . . compensation for one hundred and four weeks only. (2) After cessation of the payments . . . the employee . . . shall be paid the remainder of the compensation that would be due out of the special fund established in section 944 of the title." 33 U.S.C. § 908(f).

■ In order to obtain relief under § 8(f), the employer must show (1) that the claimant had an existing permanent partial disability prior to the last injury; (2) that the disability was manifest to the employer, and (3) that the current disability is not due solely to the most recent injury. *Dillingham Corporation v. Massey*, 505 F.2d 1126, 1128 (9th Cir. 1974). *Accord: Duncanson-Harrelson Co. v. Director, Etc.*, 644 F.2d at 833.

The legislative history indicates that:

" . . . the purpose of new § 8(f) is to prevent discrimination against handicapped workers in hiring and firing, a discrimination encouraged by the remainder of the Act were it not for § 8(f). The Act makes the employer liable for compensation. Hence, the employer risks increased liability when he hires or retains a partially disabled worker. By virtue of the contribution of the previous partial disability, such a worker injured on the job may suffer a resulting disability greater than a healthy worker would have suffered. Were it not for the shifting of this increased compensation liability from the employer to the Special Fund under § 8(f), the Act would discourage employers from hiring and retaining disabled workers." *C & P Tel. Co. v. Dir. Office of Wkrs.' Comp. Prog.*, 564 F.2d 503, 512 (D.C.Cir., 1977).

The administrative law judge found that Campbell was not entitled to relief under § 8(f) because: (1) claimant had no existing permanent partial disability prior to the injury of September 16, 1973; (2) whatever disability claimant had was not manifest to Campbell; and (3) claimant's current disability was due solely to the injury of September 16, 1973.

The Board reversed the administrative law judge's finding because: (1) Section 8(f) does not require that a preexisting condition be economically disabling (law); (2) claimant suffered from lumbar scoliosis and degenerative disc disease as a result of previous injuries (fact); and (3) claimant's permanent partial disabilities were manifest to his employer, because they were mentioned in his medical records which the employer had (fact).

The Director argues that the Board erred in granting Campbell relief under the second injury provision of § 8(f) because (1) the claimant did not have a permanent partial disability (fact); (2) the claimant's con-

1. 33 U.S.C. 921(b)(3) provides in pertinent part:

"The Board shall be authorized to hear and determine appeals raising a substantial question of law or fact taken by any party in interest from decisions with respect to claims of employees under this chapter and the ex-

tensions thereof. The Board's orders shall be based upon the hearing record. The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole."

dition was not manifest to Campbell (fact); and (3) claimant's total disability was due solely to the injury of September 16, 1973 (fact).

### 1. Permanent Partial Disability

The most accepted definition of disability in § 8(f) is set forth in *C & P Tel. Co. v. Dir., Office of Wkrs.' Comp. Prog.*, 564 F.2d 503, 513 (D.C.Cir.1977):

"... To summarize, the term 'disability' in new § 8(f) can be an economic disability under § 8(c)(21) or one of the scheduled losses specified in § 8(c)(1)–(20), but it is not limited to those cases alone. 'Disability' under new § 8(f) is necessarily of sufficient breadth to encompass those cases, like that before us, wherein the *employee had such a serious physical disability in fact that a cautious employer would have been motivated to discharge the handicapped employee because of a greatly increased risk of employment-related accident and compensation liability.*" [Emphasis Added].

■ Although the administrative law judge applied an economic disability standard, his finding should be upheld because the employer did not meet the more liberal test applied in *C & P Telephone*, 564 F.2d at 513. The claimant did not have a manifest, *physically disabling condition* serious enough to motivate a cautious employer to discharge him rather than incur the possibility of increased liability. This was a finding of fact. Although the claimant had three previous back injuries, he returned to work within days, with no work restrictions, and without additional medical problems or medical care. Furthermore, Campbell did not treat the claimant as disabled. The underlying disc degenerative disease and scoliosis can be present in a large segment of the population and in the claimant's case were not diagnosed until after the last injury in 1973.

The claimant's psychological problems did not appear until after the 1973 injury even though the specialists thought that claimant's psychological condition had started to deteriorate long before the 1973 injury.

From such testimony, it would be hard to argue that the claimant's mental problems constituted permanent partial disabilities under § 8(f). The administrative law judge's findings of fact were supported by substantial evidence. Because the record in this case contains conflicting evidence and this determination is a factual one, we uphold the administrative law judge's determination.

### 2. Latent—Manifest Test

■ Even if the claimant has a partial permanent disability within the meaning of § 8(f), courts have also adopted a "latent-manifest" test to determine if the employer is entitled to relief under § 8(f). *Duncanson-Harrelson Co. v. Director, etc.*, 644 F.2d at 833–4; *Atlantic & Gulf Stevedores v. Director, etc.*, 542 F.2d at 609; *Dillingham Corporation v. Massey*, 505 F.2d 1126, 1128 (5th Cir. 1974).

*Dillingham Corporation v. Massey, supra*, phrased the test this way:

"However, Congress did not intend that all pre-existing conditions come under coverage by the Fund, but only those 'manifest' at the time of initial employment. *American Mutual Ins. Co. of Boston v. Jones*, 138 U.S.App.D.C. 269, 426 F.2d 1263, 1267 (1970). An underlying condition which is not manifest to a prospective employer cannot qualify as a previous disability. *United States Fidelity & Guaranty Co. v. O'Keeffe*, 240 F.Supp. 816 (S.D.Fla.1962). Thus, the key to the issue is the availability to the employer of knowledge of the pre-existing condition, not necessarily the employers' actual knowledge of it. *American Mutual, supra*, 426 F.2d at 1267.

The determination of a previous disability's manifestation is a factual one, and a number of factors may come into play. The employee's appearance, medical reports and work experience are relevant, but the *critical element is what the employer has available to him when the hiring occurs, should he decide to take notice of it. Boyd-Campbell Co. v. Shea*, 254 F.Supp. 483 (S.D.Tex.1966), is clearly in point." [Emphasis Added]

*Dir., Office of W. C. Programs, U. S. Dept. of Labor, etc. v. Universal Terminal & Stevedoring Corp.*, 575 F.2d 452, 456–7 (3rd Cir. 1978) applies a more liberal test in a case involving a claimant with heart disease and diabetes:

"Heart disease is not as obviously manifest a disability as is the loss of a limb or an eye. Nevertheless, in many instances heart disease is objectively determinable and objectively determined. The record before the administrative law judge contains the evidence of De Nichilo's prior hospitalization for a possible myocardial infarction and the testimony of Dr. Edward S. Wally that De Nichilo suffered from a coronary artery disease. The administrative law judge relied upon this evidence of De Nichilo's abnormal heart condition to conclude that the degree of stress De Nichilo underwent on December 28, 1974, produced the attack he suffered on that date. Although the administrative law judge did not use the word manifest, he found that De Nichilo had pre-existing physical infirmities of heart disease and diabetes mellitus. These *were readily discoverable by any employer who looked at De Nichilo's medical record.* That record makes the disability manifest. No more is required for the purpose of assuring that only eligible employers receive the insurance coverage provided by § 8(f) of the Act." [Emphasis Added]

Under the *De Nichilo* Test, the employer could have seen the claimant's medical records which clearly indicated that he had heart disease and diabetes. Campbell had no medical records before the 1973 injury which show that the claimant had degenerative disc disease or psychological problems. Although the claimant had three back injuries, he was released for work each time. His back condition was asymptomatic until 1973. All the medical reports cited by the Board were after the 1973 injury. Furthermore, Campbell did not treat the claimant any differently after the other back injuries. The claimant resumed his normal work activities.

Even if there was some objective basis for determining that the claimant had a back condition (Evidenced by the other back injuries), there was almost no objective basis for determining that he had severe psychological problems. These problems did not appear until after the 1973 injury when the claimant could no longer work. Only one psychiatrist testified that the employer could have discovered claimant's condition through a psychological test. There were no psychological symptoms manifested by the claimant.

3. *1973 Injury*

■ The administrative law judge found that the weight of the evidence indicated that claimant's total disability was due solely to the 1973 orthopedic injury combined with psychiatric impairment. Even if claimant's conditions are manifest permanent partial disabilities, the employer must also show that the permanent total disability is not due solely to the last injury. A claimant's injury must "coalesce" with a previous disability. *Dillingham Corporation v. Massey*, 505 F.2d at 1128. The administrative law judge's finding in this case is based on conflicting evidence. The evidence in support of the administrative law judge's finding was substantial evidence. The Board does not satisfactorily explain why it came to the opposite conclusion. We must affirm the factual findings of the administrative law judge.

Campbell did not meet the requirements for relief under § 8(f) of the Act. Because the Board's scope of review is limited under the Act to overturning the administrative law judge only when the findings are contrary to law or unsupported by substantial evidence, we reverse the Board and reinstate the administrative law judge's decision.

Reversed.