**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U. S. DEPARTMENT OF LABOR, Petitioner,**

v.

**CARGILL, INC., Northwest National Insurance Co., and Harold M. Carey, Respondents.**

No. 81–7522.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 1982.

Decided Oct. 5, 1982.

Janet R. Dunlop, Washington, D. C., for petitioner.

Robert E. Babcock, Lindsay, Hart, Neil & Weigler, Portland, Or., for respondents.

Before KILKENNY, SNEED and SKO-PIL, Circuit Judges.

KILKENNY, Circuit Judge:

The Director, Office of Workers' Compensation Programs, petitions for review of a Benefits Review Board (Board) decision which affirmed the findings of the Administrative Law Judge (ALJ) that the claimant, Harold M. Carey, was totally disabled and entitled to benefits but reversed the ALJ's findings that Cargill, Inc. was not entitled to relief under § 8(f) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 908(f). We reverse the Board's § 8(f) decision.

## FACTS

Claimant was employed by Cargill, Inc. as a bin top man, whose primary responsibility was climbing an 8 to 12 foot ladder approximately 60 times a day to assist in the loading of grain onto ships. The claimant had been employed by Cargill approximately four years prior to experiencing pain in his right shoulder. Claimant continued to work his regular shifts. The first medical report in the record concerning the claimant's shoulder condition is dated July, 1976. This report shows a diagnosis of tendinitis in the claimant's right shoulder. Later medical reports beginning in September, 1976, indicate a diagnosis of adhesive capsulitis in both shoulders. The claimant's condition deteriorated and he was forced to cease work entirely on September 30, 1976.

A formal hearing was held before an ALJ to determine if the claimant was entitled to compensation for total permanent disability. The ALJ found that the claimant was a covered employee under the Act. He also found the adhesive capsulitis was employment related, and that it was permanently and totally disabling. Furthermore, he found that Cargill was not entitled to a limitation of liability under § 8(f) of the Act.

Cargill appealed the adverse § 8(f) determination to the Board. The Board reversed the ALJ's determination as not in accordance with the law and not supported by substantial evidence. The Director petitions for review of the Board's decision.

## STANDING

■ Cargill challenges the Director's standing to petition this court for review, arguing the Director is not a person adversely affected or aggrieved under 33 U.S.C. § 921(c) by the Board's decision. Section 921(c) provides:

"Any person adversely affected or aggrieved by a final order of the board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred...."

33 U.S.C. § 921(c). We note that there is considerable disagreement among the circuits regarding the Director's role in § 921(c) proceedings. *See Director, Office of Workers' Comp. v. Newport News*, 676 F.2d 110 (CA4 1982) (standing for petition to review granted); *Shahady v. Atlas Tile & Marble Co.*, 673 F.2d 479 (CADC 1982) (same). *Cf. Director, Wkrs' Comp., Etc. v. Bethlehem Steel Corp.*, 620 F.2d 60 (CA5 1980) (standing for petition to review denied); *Fusco v. Perini North River Associates*, 601 F.2d 659 (CA2 1979), *vacated and remanded sub nom. Perini No. River v. Fusco*, 444 U.S. 1028, 100 S.Ct. 697, 62 L.Ed.2d 664, *aff'd. in pertinent part*, 622 F.2d 1111 (1980) (same). This court has consistently recognized without comment the right of the Director to petition for review of a Board's decision. *See, e.g., Director, Etc. v. Campbell Industries, Inc.*, 678 F.2d 836 (CA9 1982); *Director, Office of Workers' v. Todd Shipyards*, 625 F.2d 317 (CA9 1980); *Director, Office of Workers' Comp. v. Robertson*, 625 F.2d 873 (CA9 1980); *Director, OWCP v. Rasmussen*, 567 F.2d 1385 (CA9 1978), *aff'd*, 440 U.S. 29, 99 S.Ct. 903, 59 L.Ed.2d 122 (1979). Only the Director has a real interest in protecting the fiscal integrity of the Fund against unjustified payments. The employers insurance company, otherwise liable for payments to the claim-

ant, has no interest in contesting an award from the Fund and, the employee's only interest is receiving the benefits, regardless of the source. Consequently, the Director's ability to petition this court for review of a Board's decision adversely affecting the Fund provides a necessary safeguard against unjustified payments from the Fund. We place this circuit in line with the Fourth and the D.C. Circuits in holding that the Director is a proper person to petition for review of a Board's decision adversely affecting the Fund.

## STANDARD OF REVIEW

■ It is well settled that this court must scrutinize Board decisions for " 'errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations.' " *Campbell Industries*, 678 F.2d at 838. The Board is restricted to "substantial evidence" review. It must accept the ALJ's findings unless they are contrary to law, irrational, or unsupported by substantial evidence in the record. *Id.*

■ The facts must be initially determined by the ALJ. The Board has no authority to usurp his role in this respect. Nor is the Board at liberty to reweigh the evidence and substitute its own view for that of the ALJ. *Campbell Industries*, 678 F.2d at 839.

## MERITS

■■ Section 8(f) is intended to encourage the employment of handicapped workers, by protecting an employer who hires a handicapped worker from paying total disability compensation for an injury that would have been partial disability but for pre-existing conditions. *Todd Shipyards*, 625 F.2d at 319. As we noted in *Campbell Industries*, " 'Congress did not intend that all pre-existing disabilities come under coverage of the Fund, but only those 'manifest' at the time of initial employment.' " *Campbell Industries*, 678 F.2d at 840. In determining whether a condition is manifest, the critical element is not actual knowledge of the disability by the employ-

er, but what information the employer has available to him should he decide to take notice of it. *Id.* Beyond question, the burden of proof was on the employer to show that the permanent disability was in part caused by a manifest pre-existing condition. *Director, Office of Workers' Comp. v. Newport News,* 676 F.2d at 115. On a related section of the Act, our circuit has held to the same effect. *Bumble Bee Seafoods v. Director, Office of Wkrs.',* 629 F.2d 1327, 1329 (CA9 1980) (employer has the burden of proof to show that an injured employee can perform alternative available jobs).

In *Campbell Industries,* this court adopted the "Latent-Manifest" test for determining whether an employer is entitled to relief under § 8(f). *Campbell Industries,* 678 F.2d at 840. If the condition is not manifest to the prospective employer at the time of initial employment, it does not qualify for § 8(f) relief. *Id.* Under this test, the critical element is what information is available to the employer when the hiring occurs.

■■ The issue of a previous disability's manifestation is a factual one. In this case, the ALJ found that the requirements for § 8(f) relief had not been satisfied at least in part because the condition could not have been manifest to Cargill until after June 1, 1976, almost four years after the claimant was employed. The ALJ's determination is supported by substantial evidence. Inherent in his decision is a finding that the claimant did not suffer a pre-existing partial disability that combined with a subsequent disability and contributed to the claimant's total permanent disability. Thus, the Board's application of the "aggravation" theory mentioned in *Todd Shipyards,* 625 F.2d at 320, to this case was error. As previously mentioned, there is substantial evidence to support the ALJ's decision and finding which, of necessity, resolved this issue against Cargill. Furthermore, the Board, in reversing the ALJ's findings, incorrectly applied the manifest test in concluding that since the injury was manifest to Cargill by July, 1976, the manifest requirement was met.

It is irrelevant to § 8(f) relief whether Cargill had knowledge of the conditions in June, 1976. The critical issue is whether Cargill had knowledge of a pre-existing condition at the time of the employee's initial employment. The record is clear that the claimant had been employed by Cargill for approximately four years before developing this shoulder condition. We uphold the ALJ's determination that § 8(f) relief was not appropriate. Because failure to satisfy the manifest pre-existing disability requirement precludes § 8(f) relief, it is unnecessary to address the remaining § 8(f) claims.

## CONCLUSION

The Board's decision regarding Cargill's entitlement to § 8(f) relief is reversed and the decision of the ALJ is reinstated.