**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,**

v.

**CARGILL, INC. and Northwest National Insurance Co., Respondents.**

No. 81–7522.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 1983.

Decided July 1, 1983.

Janet R. Dunlop, Cornelius S. Donoghue, Jr., Washington, D.C., for petitioner.

Robert E. Babcock, Lindsay, Hart, Neil & Weigler, Portland, Or., for respondents.

Before BROWNING, SNEED, HUG, SKOPIL, FLETCHER, PREGERSON, ALARCON, FERGUSON, CANBY, BOO-CHEVER, NORRIS, Circuit Judges.

CANBY, Circuit Judge:

This case raises an important question concerning the scope of § 8(f) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 908(f) (1976). Section 8(f) is intended to encourage the employment of handicapped workers by permitting an employer to avoid paying full compensation if the handicapped worker sustains an injury that would not have resulted in as great a disability if the worker had not been handicapped. The handicapped worker receives full compensation, but Section 8(f) permits the employer to limit its liability and provides for payment of the balance of compensation from a special fund established under § 44 of the Act, 33 U.S.C. § 944 (1976). The issue presented here is whether a pre-existing disability must be manifest at the time of initial hire to entitle an employer to relief under § 8(f). We conclude that it need not, and that § 8(f) entitles an employer to relief if the pre-existing contributing disability was manifest prior to the time of the final injury for which the compensation claim is being made.

## FACTS

Claimant, Harold M. Carey, was employed by Cargill, Inc. for approximately four years prior to experiencing pain in his right shoulder. Claimant continued to work his regular shifts. The first medical report in the record concerning claimant's shoulder condition is dated July 1976. That report shows a diagnosis of tendonitis in claimant's right shoulder. Later medical

reports beginning in September 1976 indicate a diagnosis of adhesive capsulitis in both shoulders. Claimant's condition deteriorated and he was forced to cease work entirely on September 30, 1976.

A formal hearing was held before an ALJ to determine whether the claimant was entitled to compensation for total permanent disability. The ALJ found that the claimant was a covered employee under the Act. He also found that the adhesive capsulitis was employment related, and that it was permanently and totally disabling.[1] The ALJ further found that Cargill was not entitled to a limitation of liability under § 8(f) because Carey's capsulitis was not a manifest pre-existing permanent partial disability.

Cargill appealed the adverse § 8(f) determination to the Benefits Review Board. The Board reversed the ALJ's determination that Cargill was not entitled to § 8(f) relief, holding that it was not in accordance with the law. The Board also reversed the ALJ's finding of no manifest pre-existing permanent partial disability, as not supported by substantial evidence. The Director, Office of Workers' Compensation Programs, petitioned for review of the Board's decision. On the authority of *Director, Office of Workers' Compensation Programs v. Campbell Industries, Inc.,* 678 F.2d 836 (9th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 726, 74 L.Ed.2d 951 (1983), a panel of this court held that the employer was not entitled to § 8(f) relief unless the pre-existing contributing disability was manifest at the time of the employee's initial employment. *Director, Office of Workers' Compensation Programs v. Cargill, Inc.,* 689 F.2d 819, 822 (9th Cir.1982). Cargill was accordingly not allowed to limit its liability. This court subsequently ordered rehearing before a limited en banc panel as provided by the Act of October 20, 1978, Pub.L. No. 95–486, § 6, 92 Stat. 1629, 1633 and Ninth Circuit Rule 25.

---

**1.** That finding entitled Carey to full compensation under the Act. The only dispute in this

## MERITS

Section 8(f) provides in part:

(1) .... In all other cases in which the employee has a permanent partial disability, found not to be due solely to that injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone, the employer shall provide ... compensation for one hundred and four weeks only.

(2) After cessation of the payments ... the employee ... shall be paid the remainder of the compensation that would be due out of the special fund established in section 944 of the title.

33 U.S.C. § 908(f) (1976).

Section 8(f) was enacted to avoid discrimination against handicapped workers, a discrimination encouraged by the remainder of the Act if not for § 8(f).

The Act makes the employer liable for compensation. Hence, the employer risks increased liability when he hires or retains a partially disabled worker. By virtue of the contribution of the previous partial disability, such a worker injured on the job may suffer a resulting disability greater than a healthy worker would have suffered. Were it not for the shifting of this increased compensation liability from the employer to the Special Fund under § 8(f), the Act would discourage employers from hiring and retaining disabled workers.

*Director, Office of Workers' Compensation Programs v. Campbell Industries, Inc.,* 678 F.2d at 839 (quoting *C & P Tel. Co. v. Director, Office of Workers' Compensation Programs,* 564 F.2d 503, 512 (D.C.Cir.1977)).

Section 8(f) was intended to remove a disincentive to the employer's hiring of handicapped workers. It cannot have this intended effect, however, unless the employer is able to be made aware of the handicap of the worker to be benefited. For that reason, section 8(f) applies only when the pre-existing disability is "mani-

court is over Cargill's right to relief under § 8(f).

fest" to the employer. *Dillingham Corp. v. Massey,* 505 F.2d 1126, 1128 (9th Cir.1974).

The issue now before us concerns the time at which the pre-existing disability must be manifest. The original panel, viewing itself bound by language appearing in *Dillingham Corp. v. Massey,* 505 F.2d at 1128, and repeated in *Director, Office of Workers' Compensation Programs v. Campbell Industries, Inc.,* 678 F.2d at 840, held that the prior contributing condition must be manifest at the time of the employee's initial employment. Because we conclude that such a rule frustrates part of the purpose of § 8(f), and because we wish to avoid unnecessary conflict among the circuits, we reject that rule. We disapprove any language of *Dillingham* or *Campbell* that may be interpreted to support or compel a requirement that the pre-existing disability be manifest at the time of hiring.

 The major purpose of § 8(f) is to avoid discrimination against handicapped workers. *See Lawson v. Suwanee Fruit & Steamship Co.,* 336 U.S. 198, 202–05, 69 S.Ct. 503, 505–06, 93 L.Ed. 611 (1949) (reviewing legislative history). If § 8(f) relief is available only when the pre-existing condition is manifest at the time of hiring, the employer will feel free to hire workers with existing handicaps, but not to retain workers who become handicapped during their tenure on the job. Congress cannot have intended such a perverse result. It is worth repeating with emphasis language already quoted from *Campbell:*

> ... the purpose of new § 8(f) is to prevent discrimination against handicapped workers in hiring *and firing,* a discrimination encouraged by the remainder of the Act were it not for § 8(f).... [T]he employer risks increased liability when he hires *or retains* a partially disabled worker.... Were it not for the shifting of this increased compensation liability from the employer to the Special Fund under

§ 8(f), the Act would discourage employers from hiring *and retaining* disabled workers.

*Campbell,* 678 F.2d at 839 (quoting *C & P Tel. Co. v. Director, Office of Workers' Compensation Programs,* 564 F.2d 503, 512 (D.C.Cir.1977)) (emphasis supplied). The purpose of retaining workers who become handicapped during their employment cannot be accomplished unless § 8(f) relief is available when the worker's pre-existing injury becomes manifest after hiring but before final injury. We hold that § 8(f) relief is available under those circumstances. It is sufficient for the employer to show that (1) the claimant had an existing permanent partial disability prior to the last injury; (2) that the disability was manifest to the employer prior to the last injury; and (3) that the later disability that is the subject of the compensation claim was not due solely to the most recent injury. *See Campbell,* 678 F.2d at 839.

Our decision places us in accord with every other circuit that has addressed the question. *E.g., General Dynamics Corp. v. Sacchetti,* 681 F.2d 37, 40 (1st Cir.1982); *Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co.,* 676 F.2d 110, 114 n. 5 (4th Cir.1982); *Director, Office of Workers' Compensation Programs v. Sun Shipbuilding & Dry Dock Co.,* 600 F.2d 440, 442 (3d Cir.1979); *C & P Tel. Co. v. Director, Office of Workers' Compensation Programs,* 564 F.2d 503, 512 & n. 8 (D.C.Cir.1977).

The original panel's reversal of the Board's decision and its reinstatement of the ALJ's decision were based at least in part on the interpretation of § 8(f) that we have rejected. The panel's decision is now vacated and the panel's opinion, reported at 689 F.2d 819, is withdrawn.

The Director, who has not opposed the rule that we adopt in this opinion,[2] contends

**2.** By letter dated March 17, 1983, received and docketed March 21, 1983, the Officer of the Solicitor informed the court that the Director concurs in this interpretation of § 8(f). The letter states in part:

Section 8(f) was enacted to encourage employers to employ workers who have manifest permanent partial disabilities. It has consistently been the position of the Director that the purpose for which this section was enacted can be fully achieved only if the

that we should nevertheless reinstate the decision of the ALJ. His arguments relate to the questions whether there was in fact a pre-existing disability, whether any such disability was aggravated as a result of employment, and whether the Board usurped the ALJ's fact-finding function. These and any other issues essential to final resolution of the controversy may be more conveniently addressed by the original panel. We therefore remand the case to that panel for further proceedings.

REMANDED.

limitation of an employer's liability is applicable not only to cases of initial hiring, but also to the retention of workers who develop such disabilities during but not necessarily related to, the employment. Thus, the Director, as administrator of the Special Fund

established by Section 44 of the Act, has not challenged the application of Section 8(f) so long as the permanent partial disability was manifest to the employer before the job-related or secondary injury.