**TODD SHIPYARDS CORPORATION and Aetna Casualty and Surety Company, Petitioners,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent,**

**and**

**Mauro Cortez, Claimant-Respondent.**

No. 85–7254.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 1986.

Decided May 5, 1986.

Designated for Publication July 8, 1986.

N.R. Samuelsen, Hermine Daniels, Samuelsen, Coalwell & Gonzalez, San Pedro, Cal., for petitioners.

Marianne Demetral Smith, U.S. Dept. of Labor, Washington, D.C., for respondent.

Vernon Goldwater, Goldwater & Richman, Wilmington, Cal., for Cortez.

Before GOODWIN, WALLACE and KO-ZINSKI, Circuit Judges.

PER CURIAM.

Todd Shipyards Corporation appeals from a Benefits Review Board judgment affirming an administrative law judge's decision which denied Todd's petition for relief from liability under section 8(f) of the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C. § 908(f) (1982). We affirm.

Mauro O. Cortez worked for Todd from 1953 until July 7, 1978. While on the job, Cortez injured his back on two different occasions: April 25, 1977 and January 29, 1978. Until he injured his back the second time, Cortez worked as a stagerigger, a moderately heavy job.

Cortez's first injury was in the soft tissue of his lower back. A board certified orthopedist, Dr. Gerald I. Fein, treated him and then cleared him to resume his normal work duties two months later. Dr. Fein found that the strain was resolved and that there was no permanent impairment due to the injury. Cortez returned to his former job until his second injury on January 29, 1978.

On January 23, six days before his second injury, Cortez was examined by Dr. Leonard J. Yamshon, M.D., a specialist in physical medicine and rehabilitation, in the capacity of agreed medical examiner. Dr. Yamshon recorded no objective evidence of physical impairment but estimated on the basis of Cortez's extensive, subjective complaints, that he suffered an eight percent overall impairment.

Following Cortez's second injury, he returned to work as a stagerigger leadman, a light duty, supervisory job. Dr. Fein examined Cortez on December 1, 1978 and reported no evidence of any significant impairment. Without explanation, Dr. Fein revised his opinion on February 8, 1979, increasing considerably his estimation of Cortez's permanent disability. Dr. Yamshon also examined Cortez after his second injury and concluded that he had a permanent, overall disability of twenty percent and was restricted to light work activity.

■ If there was no permanent disability from the first accident, relief is not available under § 8(f), 33 U.S.C. § 908(f) (1982). The test for § 8(f) relief is (1) that claimant had an existing permanent partial disability prior to the second injury, (2) that the disability was manifest to the employer, and (3) that the current disability is not due solely to the second injury. *Director, Office of Workers' Compensation Programs v. Campbell Industries,* 678 F.2d 836, 839 (9th Cir.1982), *cert. denied,* 459 U.S. 1104, 103 S.Ct. 726, 74 L.Ed.2d 951 (1983).

■ Although there is conflicting medical evidence of Cortez's injuries, substantial evidence supports the ALJ's decision that the first injury was not permanent and that § 8(f) relief is not available. *Campbell Industries,* 678 F.2d at 838 (substantial evidence standard of review). The ALJ based her conclusion that Cortez was not permanently disabled by his first injury on her finding that he did not suffer any permanent reduction in wage-earning capacity from this first injury.

A broader test is sometimes used to determine physical disability, which considers not only a permanent reduction of wage-earning capacity but also any noneconomic disability which would motivate a cautious employer " 'to discharge the handicapped employee because of a greatly increased risk of employment-related accident and compensation liability.' " *Campbell,* 678 F.2d at 840 (emphasis in original) (quoting *C & P Telephone Co. v. Director, Office of Workers' Compensation Program,* 564 F.2d 503, 513 (D.C.Cir.1977)). Even under this standard, there is evidence that " 'a reasonable mind might accept as adequate' ", *Richardson v. Perales,* 402 U.S.

389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938), to support a conclusion that the first injury resulted in no permanent disability. Cortez resumed his regular job including overtime without any restrictions or decrease in pay. His medical records showed no objective evidence of permanent disability, no subjective evidence in Dr. Fein's report and an eight percent impairment based solely on Cortez's complaints in Dr. Yamshon's report. Presumably, even a cautious employer would not consider these circumstances as evidence of a "greatly increased risk." Therefore, there was no permanent disability resulting from the first accident and § 8(f) relief was properly denied.

AFFIRMED.