**TWO "R" DRILLING CO., INC. and Wausau Insurance Companies, Petitioners,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, and Dean Danos, Respondents.**

No. 89–4404
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1990.

Charles Hanemann, Henderson, Hanemann & Morris, Houma, La., for petitioners.

Joseph J. Weigand, Jr., Houma, La., for respondent.

Robert P. Davis, Sol. of Labor, Carol A. De Deo, Assoc. Sol., J. Michael O'Neill, Lisa Donis Teuber, Washington, D.C., for other interested persons.

Before WILLIAMS, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:

Two "R" Drilling Company, Inc. and Wausau Insurance Companies appeal the Benefits Review Board's affirmance of the administrative law judge's determination that they were not entitled to special fund relief under § 8(f) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 908(f). We affirm.

I

The claimant, Dean J. Danos, was hired by Two "R" in 1975 as a roughneck. In a pre-employment medical exam, Two "R" discovered that Danos had two developmental diseases of the spine, juvenile epiphysistis [1] and Schmorl's modules.[2] Nevertheless, Two "R" hired Danos. Danos worked in a variety of unskilled positions, eventually becoming a mechanic's helper. It was while working in this capacity that Danos sustained an injury to his back on March 19, 1982. He worked on light duty for 10 months following the accident, noticing increased pain. In January 1983 a ruptured disc was diagnosed and Danos underwent back surgery by Dr. Pete Rhymes, an orthopedic surgeon. When his lower back pain failed to abate, he sought treatment

---

1. Although Danos had juvenile epiphysistis the ALJ did not find it to constitute an existing permanent partial disability.

2. Schmorl's modules are irregular or hemispherical bone defects in the upper or lower margin of the body of a vertebrae. *Dorland's Pocket Medical Dictionary* at 488 (23d ed. 1982).

**750**

from Dr. H.R. Soboloff in March 1984. Dr. Soboloff treated Danos throughout 1984 and 1985, finally reaching the conclusion on April 8, 1985, that Danos had reached maximum improvement and was permanently totally disabled.

Two "R" and Wausau sought relief under § 8(f) of the LHWCA, 33 U.S.C. § 908(f), which allows an employer who hires a person with a permanent partial disability who is injured on the job to recover from a special fund under certain circumstances. The ALJ denied relief and the Board affirmed.

## II

To be entitled to compensation under LHWCA § 8(f), 33 U.S.C. 908(f), when the employee is permanently *totally* disabled the employer must establish that the employee seeking compensation had: (1) an "existing permanent partial disability" before the employment injury; (2) that the permanent partial disability was "manifest" to the employer; and (3) that the current disability is not due solely to the employment injury. *Jacksonville Shipyards, Inc. v. Director, Office of Workers' Compensation Programs, United States Department of Labor,* 851 F.2d 1314, 1316 (11th Cir.1988); *Bechtel Associates, P.C. v. Sweeney,* 834 F.2d 1029, 1036 (D.C.Cir. 1987); *Director, Office of Workers' Compensation Programs, United States Department of Labor v. Campbell Industries, Inc.,* 678 F.2d 836, 839 (9th Cir.1982). When an employee is permanently *partially* disabled and not totally disabled, the employer must make not only the three showings listed above, but must also show that the current permanent partial disability "is materially and substantially greater than that which would have resulted from the subsequent injury alone." 33 U.S.C. § 908(f)(1).

Danos is totally disabled. Two "R" and Wausau argue that the ALJ improperly applied the heavier burden for an employee with a permanent partial disability. But we need not rest on the standard applied because we conclude as a matter of law that Two "R" and Wausau did not

meet its burden of showing that the current disability is not due solely to the employment injury since they put no medical evidence before the ALJ which suggests that Danos' pre-existing disability in any way contributed to his current total disability. Two "R" and Wausau argue that we should apply a "common-sense test" which presumes that when a claimant who had a history of back problems previous to his employment suffers a work-related injury to his back, the current disability is not due solely to the employment injury. This argument reads the third element of proof out of the law by collapsing the first and third elements. We decline to do so. *See Jacksonville Shipyards,* 851 F.2d at 1316; *Bechtel Associates,* 834 F.2d at 1036–37.

AFFIRMED.