**BUNGE CORPORATION, INA, Petitioners,**

**Mikhail Miller, Claimant,**

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION, United States Department of Labor Office of Workman Compensation, Respondents.**

No. 90–70384.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 1991 *.

Decided Dec. 18, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Mildred J. Carmack, Schwabe, Williamson & Wyatt, Portland, Or., for petitioners.

LuAnn Kressley and Robert P. Davis, Sol. of Labor, Washington, D.C., for respondents.

Before WRIGHT, THOMPSON and T.G. NELSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

This is an appeal under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. ("the Act").

Mikhail Miller worked as a longshoreman/millwright for the Bunge Corporation. On April 7, 1981, Miller injured his right arm and elbow while working on a grain elevator. Prior to this injury, Miller injured his right and left shoulders in industrial accidents in 1977. He also suffered a hip injury in 1978.

Following the 1981 injury, Miller complained of muscle twitching, soreness in the neck, and some pain in his right forearm and fingers. The pain continued after numerous examinations and treatment with medication. The administrative law judge ("ALJ") found that although Miller had no orthopedic or neurological disorders, he did have significant psychological problems which prevented him from returning to work. He classified Miller as permanently and totally disabled.

This appeal arises from the Benefits Review Board's ("Board") reversal of the ALJ's decision to grant relief to the employer, Bunge Corporation, under section 8(f) of the Act. Section 8(f) limits, in certain instances, the liability of an employer for disability payments. 33 U.S.C. § 908(f)(1). "By so limiting an employer's liability, Congress wished to facilitate and encourage the hiring of partially disabled people." *Todd Pac. Shipyards v. Director, OWCP*, 913 F.2d 1426, 1429 (9th Cir.1990); *see also Container Stevedoring Co. v. Director, OWCP*, 935 F.2d 1544, 1553 n. 2 (9th Cir.1991) (concurring opinion). Congress sought to ensure that employers would not hesitate to hire a partially disabled person out of fear of increasing their liability in the event that a work-related injury, combined with a preexisting partial disability, resulted in a total disabili-

ty. *Todd Pac. Shipyards*, 913 F.2d at 1429.

To be entitled to 8(f) relief, the employer must establish

> (1) that the employee had an existing permanent partial disability prior to the employment injury; (2) that the disability was manifest to the employer prior to the employment injury; and (3) that the current disability is not due solely to the most recent injury.

*Id.* Although the ALJ concluded that Bunge had met all three of these criteria, the Board held that there was no substantial evidence for the ALJ to find that Miller's psychological condition was manifest to the employer before the 1981 injury.

The Board reviews the ALJ's decisions to determine whether factual findings are supported by "substantial evidence" and to correct any errors of law. 33 U.S.C. § 921(b)(3). This court conducts an independent review. The ALJ's findings must be accepted when they are supported by substantial evidence. *Container Stevedoring*, 935 F.2d at 1546. Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); *McAllister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.1989).

■ An employer need not have actual knowledge of an employee's preexisting condition. If the condition is readily discoverable from the employee's medical record in the possession of the employer, knowledge of the condition is imputed to the employer. *Director, OWCP v. Campbell Indus.*, 678 F.2d 836, 840, 841 (9th Cir.1982), *cert. denied*, 459 U.S. 1104, 103 S.Ct. 726, 74 L.Ed.2d 951 (1983), *disapproved on other grounds, Director, OWCP v. Cargill*, 709 F.2d 616 (9th Cir. 1983) (en banc). Here, the 1977 injuries, as well as the 1978 injury, were described in a 1979 Orthopaedic Consultant Panel Report which was available to the employer, Bunge.

■ The ALJ found that Miller's psychological disorder, diagnosed after the 1981 injury as a personality disorder or psychogenic pain syndrome, was manifest to the employer through the 1979 Orthopaedic Consultant Panel Report. In that report, three physicians who examined Miller on March 2, 1979 stated there was no objective basis for Miller's continuing complaints of pain. They recommended that he continue his same work without limitation. The ALJ noted that "[t]he medical reports do not specifically tie the 1981 injury to the previous injuries; however the complaints of pain appear to be extremely similar."

We agree with the Board that there was no substantial evidence for the ALJ to find that Miller's psychological disorder was manifest to the employer before the 1981 injury. The 1979 report contained no diagnosis of any psychological disorder, nor did it contain any inference that Miller's pain problems were of a psychological nature.

■ A diagnosis is not necessarily required to meet the manifest prong of the test for entitlement to section 8(f) relief. We agree with the Fifth Circuit that there may be instances where

> although a diagnosis as such is not expressly stated in the medical records nevertheless sufficient unambiguous, objective, and obvious indication of a disability is reflected by the factual information contained in the available records so that the disability should be considered manifest even though actually unknown by the employer.

*Eymard & Sons Shipyard v. Smith*, 862 F.2d 1220, 1224 (5th Cir.1989).

■ A medical record describing pain without an identification of a physiological or neurological cause does not by itself constitute sufficient unambiguous, objective and obvious indication of a psychological disability. Further, disability is not manifest when it is unknown to the employer and merely might have been discovered had proper testing been performed. *Id.;* *see also Campbell*, 678 F.2d at 841 (sub-

stantial evidence supported ALJ's finding that there was no objective basis before the employment injury for determining that the employee had a preexisting psychological disorder).

The decision of the Benefits Review Board is AFFIRMED.