**LOCKHEED SHIPBUILDING,**
Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR,** Respondent.

**No. 91–70106.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 1991.[*]

Decided Dec. 23, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Russell A. Metz, Metz & Frol, Seattle, Wash., for petitioner.

Samuel J. Oshinski, U.S. Dept. of Labor, Washington, D.C., for respondent.

Mehmet Sekin, Seattle, Wash., claimant proceeding pro se.

Before WRIGHT, Senior Circuit Judge, THOMPSON and T.G. NELSON, Circuit Judges.

## OPINION

DAVID R. THOMPSON, Circuit Judge:

This appeal arises under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. ("the Act").

On June 4, 1984, Mehmet Sekin, an employee of Lockheed Shipbuilding Company ("Lockheed") who had worked for Lockheed since at least 1977, experienced extreme pain in his back radiating down into his right leg while fitting steel I–Beams into a deck frame with a 16–pound hammer. The administrative law judge ("ALJ") found that Sekin was disabled by this injury, but granted Lockheed relief under section 8(f) of the Act. The Benefits Review Board ("Board") reversed the ALJ's section 8(f) limitation. Lockheed appeals. We reverse the Board's decision.

Section 8(f) of the Act limits, in certain instances, the liability of an employer for disability payments under the Act. 33 U.S.C. § 908(f)(1). "By so limiting an employer's liability, Congress wished to facilitate and encourage the hiring of partially disabled people." *Todd Pac. Shipyards v. Director, OWCP*, 913 F.2d 1426, 1429 (9th Cir.1990); *see also Container Stevedoring Co. v. Director, OWCP*, 935 F.2d 1544, 1553 n. 2 (9th Cir.1991) (concurring opinion). Congress sought to ensure that employers would not hesitate to hire a partially disabled person out of fear of increasing their liability in the event that a work-related injury, combined with a preexisting partial disability, resulted in a total disability. *Todd Pac. Shipyards*, 913 F.2d at 1429.

To be entitled to 8(f) relief, the employer must establish

(1) that the employee had an existing permanent partial disability prior to the employment injury; (2) that the disability was manifest to the employer prior to the employment injury; and (3) that the current disability is not due solely to the most recent injury.

*Id.* Although the ALJ found that Lockheed had met all three of these criteria, the Board held that there was no substantial evidence for the ALJ to find that Sekin had an existing permanent partial disability prior to the 1984 injury.[1]

■ The Board reviews the ALJ's decisions to determine whether factual findings are supported by "substantial evidence" and to correct any errors of law. 33 U.S.C. § 921(b)(3). We conduct an independent review. The ALJ's findings must be ac-

---

**1.** The ALJ's determination that Sekin's condition was manifest to his employer and that his current disability is not due solely to the 1984 injury is unchallenged. *See Todd Pac. Shipyards*, 913 F.2d at 1432 n. 4.

cepted when they are supported by substantial evidence. *Container Stevedoring*, 935 F.2d at 1546. Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir.1989).

■ In reaching his decision, the ALJ relied upon the "cautious employer" test to support his finding of permanent partial disability. Under this test, an employer may establish an employee's permanent partial disability predating the most recent injury by showing that

> the employee had such a serious physical disability in fact that a cautious employer would have been motivated to discharge the handicapped employee because of a greatly increased risk of employment-related accident and compensation liability.

*C & P Tel. Co. v. Director, OWCP*, 564 F.2d 503, 513 (D.C.Cir.1977). We recently reaffirmed that satisfying the "cautious employer" test is one way a party may demonstrate an employee's permanent partial disability. *Todd Pac. Shipyards*, 913 F.2d at 1430.

Here, the evidence showed that Sekin strained his back in 1977, resulting in three weeks off work (Exhibit R–I), and that he reinjured his back in 1983 resulting in light duty status for a short period of time (Exhibit R–L–2).

■ The mere fact that an employee previously sustained a back injury does not, standing alone, establish that he had a preexisting permanent partial disability. *CNA Ins. Co. v. Legrow*, 935 F.2d 430, 436 (1st Cir.1991); *Director, OWCP v. Campbell Indus.*, 678 F.2d 836, 840 (9th Cir. 1982), *cert. denied*, 459 U.S. 1104, 103 S.Ct. 726, 74 L.Ed.2d 951 (1983), *disapproved on*

other grounds, *Director, OWCP v. Cargill, Inc.*, 709 F.2d 616 (9th Cir.1983) (en banc). Other evidence in the record before us, however, supports the ALJ's finding of permanent partial disability predating the 1984 injury.

The Orthopaedic Panel Consultants' Report concluded that "[i]t would seem probable ... that this patient's problems date back to the injury described in 1977." Exhibit R–H–2. Another doctor reported that since Sekin's 1977 accident, "he's had intermittent episodes of low back pain associated with intermittent right leg radiation." Exhibit R–F–1. Sekin admitted that his back had hurt for seven years prior to the 1983 injury. Exhibit R–G–2. Finally, another doctor concluded that Sekin suffers from chronic low back pain secondary to disc disease.[2] Exhibit R–G–1.

The Director argues that we should follow the First Circuit's decision in *Legrow*. In that case, the court affirmed a Board reversal of an ALJ's grant of section 8(f) relief where the employee had previous back injuries leading to a cumulative total of over two years absence from work. *Legrow*, 935 F.2d at 433. The court noted that Legrow resumed regular physical activity after recovering from each injury, and that he performed his job duties without any medical restrictions, continuing medical treatment or medication. Further, the ALJ failed to explain why he ignored uncontroverted evidence of Legrow's complete recovery from previous injuries. *Id.* at 436; *see also Campbell*, 678 F.2d at 840.

*Legrow* is distinguishable from the present case. Here, there was substantial evidence that Sekin failed to completely recover from his back injuries. Further, unlike the employee in *Campbell*, Sekin did not return to work after his earlier injuries "without additional medical problems." *Campbell*, 678 F.2d at 840. Indeed, he continued to have back problems for seven years. This evidence of the nature and severity of Sekin's previous injuries was

---

**2.** Although the doctor made this determination following the most recent injury, the ALJ could have inferred that the disc disease began before the most recent injury. *Goldsmith v. Director,* *OWCP*, 838 F.2d 1079, 1081 (9th Cir.1988) (review of ALJ's inferences for substantial evidence).

sufficient to support the ALJ's finding that Sekin suffered from chronic back pain and disc disease prior to the 1984 injury and that this condition constituted such a serious physical disability that a cautious employer would have been motivated to discharge him.

Although we might not have found, as did the ALJ, that Sekin had a preexisting permanent partial disability, our task is not to reweigh the evidence, but only to determine if substantial evidence supports the ALJ's findings. *See Landes Const. Co. v. Royal Bank of Canada,* 833 F.2d 1365, 1371 (9th Cir.1987) (reviewing JNOV).

We have independently reviewed the record as a whole, and conclude that substantial evidence supports the ALJ's finding of permanent partial disability which predated the 1984 injury. The decision of the Benefits Review Board denying Lockheed section 8(f) relief is reversed. Lockheed is entitled to relief under section 8(f) of the Act as determined by the ALJ.

REVERSED.