999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TODD PACIFIC SHIPYARDS CORPORATION; Aetna Casualty & Surety
Company; Petitioners,
Behzad Parvizi, Claimant,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, Respondent.
 No. 92-70378.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1993.
Decided July 14, 1993.
 
 Before BRUNETTI, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Todd Pacific Shipyards Corporation and Aetna Casualty and Surety Company (collectively "Todd") petition for review of a Decision and Order of the Benefits Review Board ("BRB") reversing the Decision and Order of Administrative Law Judge James J. Butler under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (1988) (LHWCA). In the challenged Order, the BRB reversed the ALJ's Order, which limited Todd's liability for permanent disability payments to 104 weeks pursuant to section 8(f) of the LHWCA, 33 U.S.C. § 908(f). Specifically, the BRB concluded the evidence in the record failed to establish the claimant, Behzad Parvizi, had a manifest permanent preexisting partial disability prior to suffering a disabling injury in 1984 while in the employment of Todd. We have jurisdiction under 33 U.S.C. § 921(c), we grant the petition for review, and reverse the Decision and Order of the Benefits Review Board.
 
 
 3
 * STANDARD OF REVIEW
 
 
 4
 "We review the Board's decisions for errors of law and adherence to the substantial evidence standard." Port of Portland v. Director, OWCP, 932 F.2d 836, 838 (9th Cir.1991). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Lockheed Shipbuilding v. Director, OWCP, 951 F.2d 1143, 1145 (9th Cir.1991) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 II
 PERMANENT PARTIAL DISABILITY
 
 5
 Todd argues the BRB erred in holding the ALJ's finding that Parvizi's 1973 right shoulder injury and ensuing surgical procedure constituted a permanent preexisting partial disability for purposes of section 8(f) was not supported by substantial evidence. We agree.
 
 
 6
 To qualify as a disability under § 8(f), a preexisting condition may be either "an economic disability under § 8(c)(21) or one of the scheduled losses specified in § 8(c)(1)-(20)...." Director, OWCP v. Campbell Indus., Inc., 678 F.2d 836, 840 (9th Cir.1982) (quoting C & P Tel. Co. v. Director, OWCP, 564 F.2d 503, 513 (D.C.Cir.1977)), cert. denied, 459 U.S. 1104 (1983), overruled on other grounds by Director, OWCP v. Cargill, Inc., 709 F.2d 616 (9th Cir.1983) (en banc). An employer also may prove the existence of a disability for purposes of § 8(f) under the "cautious employer" test:
 
 
 7
 Under this test, an employer may establish an employee's permanent partial disability predating the most recent injury by showing that "the employee had such a serious physical disability in fact that a cautious employer would have been motivated to discharge the handicapped employee because of a greatly increased risk of employment-related accident and compensation liability."
 
 
 8
 Lockheed Shipbuilding, 951 F.2d at 1145 (quoting C & P Tel. Co., 564 F.2d at 513).
 
 
 9
 Our cases have set out specific factors, which are useful in determining whether a permanent partial disability existed prior to the most recent injury. First, "[t]he mere fact that an employee previously sustained a [particular] injury does not, standing alone, establish that he had a preexisting permanent partial disability." Id. Second, evidence that the claimant had previous injuries, but had returned to work after recovering from those injuries, without additional medical problems or medical care, and with no work restrictions, tends to show the claimant did not have a permanent preexisting partial disability. Id. (holding that evidence showing claimant had completely recovered from the prior injury, and had returned to work after earlier injuries without additional medical problems supported ALJ's finding of a permanent preexisting partial disability); Campbell Indus. Inc., 678 F.2d at 840 (holding evidence that claimant had suffered three previous back injuries, but had returned to work within days, with no work restrictions, and without additional medical problems or medical care would support a finding of no permanent preexisting partial disability). Finally, evidence that the employer did not treat the claimant as disabled also tends to show the absence of a permanent preexisting partial disability. Id.
 
 
 10
 Having reviewed the record, the BRB held "the mere fact that claimant had a prior injury and surgery does not per se establish a pre-existing permanent partial disability." We agree with that conclusion as a matter of law, but we find in this case substantial evidence supporting the ALJ's conclusion that Parvizi suffered from a preexisting permanent partial disability. Here, the evidence in the record showed Parvizi had suffered a right shoulder injury in 1973 and, as a result, had undergone corrective surgery that left him with three screws in his shoulder. Also, the record contains evidence in the form of testimony from orthopedic surgeon Dr. Gordon L. Clark, who concluded:
 
 
 11
 In view of the fact that a previous surgery was performed on the right shoulder, and in view of the fact that his description of current mechanism of injury is essentially rather trivial, it is my opinion that his prior condition did, in fact, add to his new injury, creating a condition which is much more worse than it would have been, absent the first surgical procedure.
 
 
 12
 We hold the facts that Parvizi had suffered a serious injury to his shoulder, had undergone corrective surgery which left him with three screws in his shoulder, and had a preexisting condition which contributed substantially to the seriousness of his injury, when taken together, constitute more than a mere scintilla of evidence supporting the ALJ's finding of a preexisting permanent partial disability. All three facts are relevant evidence which we conclude a reasonable mind might accept as adequate to support the conclusion that Parvizi suffered from a preexisting permanent partial disability in his shoulder. Therefore, we reverse the BRB and conclude the ALJ's finding that Parvizi suffered from a permanent partial disability predating his 1984 injury was rational and supported by substantial evidence.
 
 III
 MANIFEST DISABILITY
 
 13
 Todd argues the BRB erred in reversing as unsupported by substantial evidence the ALJ's finding that Parvizi's alleged permanent preexisting partial disability was manifest to Todd prior to the employment injury. Again, we agree with the findings of the ALJ. "Even if the claimant has a partial permanent disability within the meaning of § 8(f), courts have also adopted a 'latent-manifest' test to determine if the employer is entitled to relief under § 8(f)." Campbell Indus., Inc., 678 F.2d at 840.
 
 
 14
 An underlying condition which is not manifest to a prospective employer cannot qualify as a previous disability. Thus, the key to the issue is the availability to the employer of knowledge of the pre-existing condition, not necessarily the employers' actual knowledge of it.... The employee's appearance, medical reports and work experience are relevant, but the critical element is what the employer has available to him when the hiring occurs, should he decide to take notice of it.
 
 
 15
 Id. (quoting Dillingham Corp. v. Massey, 505 F.2d 1126, 1128 (9th Cir.1974)). "If the condition is readily discoverable from the employee's medical record in the possession of the employer, knowledge of the condition is imputed to the employer." Bunge Corp., INA v. Director, OWCP, 951 F.2d 1109, 1111 (9th Cir.1991).
 
 
 16
 The record leaves no doubt that Todd had actual knowledge of Parvizi prior to his subsequent injury. A review of the record in this case leads us to agree with the BRB that the ALJ's finding that the manifest element was satisfied by Parvizi's answers on his employment application and medical questionnaire was not supported by substantial evidence. Besides the notations on the application and questionnaire, the only other evidence that might support the ALJ's finding is the fact that Parvizi was examined in 1980 by Todd's physician, who took an x-ray of Parvizi's shoulder and asked Parvizi to hang from a door to test the shoulder. We note, however, that the x-ray and the results of the physical test are not included in the record, and further that Todd subsequently employed Parvizi without any work restrictions. Taken together, this evidence tends to show that Todd, although aware of Parvizi's injury and surgery in 1973, was unaware of any permanent preexisting partial disability resulting from the 1973 injury.
 
 
 17
 Certainly, to satisfy the manifest requirement, the employer does not have to prove actual knowledge of a preexisting disability:
 
 
 18
 A diagnosis [of disability] is not necessarily required to meet the manifest prong of the test for entitlement to section 8(f) relief. We agree with the Fifth Circuit that there may be instances where
 
 
 19
 although a diagnosis as such is not expressly stated in the medical records nevertheless sufficient unambiguous, objective, and obvious indication of a disability is reflected by the factual information contained in the available records so that the disability should be considered manifest even though actually unknown by the employer.
 
 
 20
 Bunge, Corp., 951 F.2d at 1111 (quoting Eymard & Sons Shipyard v. Smith, 862 F.2d 1220, 1224 (5th Cir.1989)). This case, however, presents no evidence which, when taken together, would serve as an unambiguous, objective, and obvious indication of a disability resulting from Parvizi's 1973 injury and surgery.
 
 
 21
 Nevertheless, Todd compares the facts of this case to those in Equitable Equipment Co., Inc. v. Hardy, 558 F.2d 1192 (5th Cir.1977). In Hardy, Todd contends, the Fifth Circuit held sufficient evidence supported an ALJ's finding that the claimant's back impairment, caused by previous injuries, was manifest to the employer even though the claimant, like Parvizi, was performing his work without restrictions and the employer, like Todd, believed him to be fully recovered from those previous injuries.
 
 
 22
 We reject any comparison between the instant case and Hardy. In Hardy, the record was full of evidence showing the employer knew of the employee's back impairment. For example, the record included the employee's employment application in which the employee described in detail both his prior injuries and the resulting impairment, and a report from a doctor who recommended the employee not be hired due to his prior back problems. Hardy, 558 F.2d at 1199. There is no comparable evidence in the instant record showing Todd knew anything other than Parvizi had an injury and surgery in 1973. Therefore, Hardy is inapposite in this situation.
 
 
 23
 We affirm the BRB's conclusion that the mere fact Todd knew of Parvizi's 1973 injury and surgery was insufficient to support a finding that the claimant's alleged disability was manifest to Todd prior to the 1984 injury. We also agree that the record in this case contains insufficient evidence to support the ALJ's finding that Todd satisfied the manifest requirement and was entitled to relief under § 8(f).
 
 
 24
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3