12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tarfa Saladin MOMOH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70235.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1993.
Decided Dec. 2, 1993.
 
 Before: HUG, FARRIS, BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We have carefully reviewed the record. The BIA failed to indicate reasons for rejecting Momoh's compelling evidence that he has a well-founded fear of persecution. It found Momoh to be a creditable witness. Momoh's factual allegations are not refuted by any evidence in the record. We recognize that the alien seeking asylum under section 208(a) of 8 USC Sec. 1158(a) "must demonstrate that he ... is unable to return to his country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion." Castillo v. INS, 951 F.2d 1111, 1121 (9th Cir.). The well-founded fear standard has an objective and subjective component:
 
 
 3
 The subjective component requires a showing that the alien's fear is genuine. The objective component requires a showing by credible, direct and specific evidence in the record of facts that would support a reasonable fear that petitioner faces persecution ... Id. (citations omitted).
 
 
 4
 The Immigration Judge who found Momoh's testimony credible, concluded that Momoh's testimony did not support a finding that he had a well-founded fear of persecution. The BIA affirmed. It found an absence of evidence that the new military government of Babangida would persecute Momoh upon his return. This conclusion is contradicted by evidence that was deemed credible. Babangida was second in command in the old regime. Two articles submitted by Momoh and relied upon by the Immigration Judge showed continuation by Babangida of persecution of the opposition party of which Momoh is a member. A State Department letter upon which the BIA apparently relies does show that some opposition party prisoners have been released but the letter (1) shows that the regime continues to ban all political parties, and (2) fails to even approximate the number of prisoners "charged or convicted" as opposed to released.
 
 
 5
 Our review is for an abuse of discretion. We are compelled to conclude that no evidence in the record rebuts the overwhelming showing made by Momoh. We refer, of course, to the imprisonment and beating of Momoh, the arrest and imprisonment of his family members, the continued imprisonment of his father, the confiscation of the family property, the post arrest harassments of Momoh himself, as well as other evidence of persecution in the record, all deemed credible by the trier of fact.
 
 
 6
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3