**TODD SHIPYARDS CORPORATION;**
Aetna Casualty & Surety Co.,
Petitioners,

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS;**
Prudencio Chavez, Respondents.

No. 96–70954.

United States Court of Appeals,
Ninth Circuit.

Submitted March 2, 1998.[*]

Decided April 1, 1998.

---

[*] The panel unanimously finds this case suitable for submission without oral argument pursuant to

Yvette A. Boehnke, Samuelsen, Gonzalez, Valenzuela & Sorkow, San Pedro, California, for petitioners Todd Shipyards and Aetna Casualty & Surety.

Diane L. Middleton, San Pedro, California, for respondent Prudencio Chavez.

Fed. R.App. P. 34(a) and Ninth Cir. R. 34–4.

Before: BRUNETTI, THOMPSON and T.G. NELSON, Circuit Judges.

BRUNETTI, Circuit Judge:

Appellant Todd Shipyards Corporation ("Todd") formerly employed claimant/appellee Prudencio Chavez ("Chavez"). During and as a result of that employment, Chavez developed both hypertension and asbestosis. Chavez was awarded total disability compensation under the Longshore and Harbor Workers' Compensation Act ("the Act"), 33 U.S.C. § 901 et seq. The only issue before the court today is whether Todd is entitled to recompense for some of the injuries. Specifically, Todd petitions for review of the June 30, 1993 decision of the Benefits Review Board ("BRB") and the January 13, 1994 decision and order on remand from Administrative Law ("ALJ") Judge Lasky, finding that Todd was not entitled to credit for Chavez's asbestos related third party settlements pursuant to the Act. We have jurisdiction, 33 U.S.C. § 921(c), and deny the petition for review.

## FACTS

Chavez worked at Todd from 1964 to 1980 where he was exposed to asbestos, dust, smoke, fumes, and high levels of noise. He left in January, 1980, unable to perform his job due to asbestosis and hypertension. On June 10, 1981, Administrative Law Judge ("ALJ") Evans awarded Chavez permanent and total disability benefits under the Act. ALJ Evans did not determine whether the asbestosis and hypertension were work related or how much each of the two diseases contributed to Chavez's disability.

Chavez filed a civil suit against various asbestos manufacturers, suppliers, and distributors seeking civil recovery for his asbestosis. In 1986, Todd attempted to terminate Chavez's compensation rights alleging that Chavez failed to get Todd's approval before entering into third party settlements in violation of § 33(g) of the Act. ALJ Lasky held a hearing on this matter and on August 15, 1986, he found that Chavez had not entered into settlement with any third party defen-

dant and therefore was not barred from receiving compensation under § 33(g). He also rejected Chavez's proposed apportionment of any prospective third party proceeds holding that apportionment was unavailable under the Act to reduce an employer's credit. Finally, ALJ Lasky found that the credit issue was ripe for resolution.

The Benefits Review Board upheld ALJ Lasky's determination that Chavez had not entered into any settlements but reversed on the ripeness issue.

On appeal to the Ninth Circuit, the court found that the credit apportionment issue was indeed ripe for review, but remanded to the BRB to determine the issue. The court further affirmed ALJ Lasky's findings that no settlement was entered into. *See Chavez v. Director, OWCP*, 961 F.2d 1409 (9th Cir. 1992).

June 30, 1993, on remand, the BRB held that Todd's entitlement to any credit hinged on the answer to two factual questions: (1) which disability was the basis of Chavez's claim under the Act, and (2) whether each of Chavez's disabilities was work-related. The BRB remanded to the ALJ for these determinations.

On remand, ALJ Lasky received evidence from both parties and reviewed the underlying record before ALJ Evans. January 13, 1994, ALJ Lasky concluded that Chavez's hypertension was the result of exposure to noise and stress while working in the shipyards. He stated that both diseases were separate work-related disabilities. Further, he concluded that Chavez's total disability was seventy-five percent attributable to hypertension and twenty-five percent attributable to asbestosis. Accordingly, pursuant to the BRB mandate, ALJ Lasky denied Todd any credit under § 33(f) as against any prospective third party asbestosis recoveries because Chavez's permanent disability claim could have been premised entirely on hypertension. In the present appeal, Todd petitions the Ninth Circuit for review of this decision.

## ANALYSIS

The Longshore and Harbor Workers' Compensation Act provides the statutory

mechanism by which longshore and harbor workers are entitled to compensation for work-related injuries. Under the Act, when third party recovery is attained for the injury which is the basis of the compensation claim under the Act, the injured party is entitled to retain proceeds in excess of the compensation to which he is entitled under the act. *See* 33 U.S.C. § 933(f). We review ALJ decisions to determine whether factual findings made are supported by "substantial evidence" and to correct any errors of law. Under the substantial evidence standard, ALJ findings must be accepted when they are supported by substantial evidence. Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lockheed Shipbuilding v. Director, OWCP*, 951 F.2d 1143, 1144–45 (9th Cir.1991) (internal quotation omitted).

■ In this case, the ALJ relied on two related legal theories, the aggravation rule and the credit doctrine, to reach his finding that Todd was not entitled to set-off for any prospective third party proceeds received by Chavez. As a preliminary matter, under the aggravation rule, an employer is required to pay compensation for the totality of claimant's disability regardless of the cause of the original disability with which the work-related disability combined. *See, e.g., Independent Stevedore Company v. O'Leary*, 357 F.2d 812, 814–15 (9th Cir.1966); *Strachan Shipping Co. v. Nash*, 782 F.2d 513, 517 (5th Cir.1986) (*en banc*). The record here shows that Chavez was disabled due to both his asbestosis and his hypertension. It is beyond question that Chavez's asbestosis was the result of his work environment. Additionally, there is substantial evidence that the hypertension was aggravated by the work environment. Accordingly, Todd was properly required to compensate Chavez for the totality of the disability.

■ The credit doctrine was created by the BRB to limit the aggravation rule for the express purpose of avoiding double recoveries. It provides for set-off such that "an employer is not liable for any portion of an employee's disability for which the employee has actually received compensation." *Strachan Shipping Co.*, 782 F.2d at 515, 518–19.

■ The case before the court today questions the limits of the credit doctrine. Specifically, whether the employer is entitled to recompense for the amount an employee receives from a third party for an injury, i.e. asbestosis, when the employee's compensable disability is the result of two distinct injuries, i.e. asbestosis and hypertension.

■ A court may adopt the head of an agency's rational interpretation of the statute they enforce. *Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The Director of the OWCP interprets § 933 of the Act to mandate that the employer is entitled to credit from third party proceeds only when the injury for which benefits are paid under the Act is the sole and same injury that gives rise to the third party recovery. The rationale behind this interpretation is that an employee who is totally disabled based on either injury alone could recover from the employer under either injury. Therefore, to allow an employer set-off for third party proceeds received under one injury would result in a windfall for the employer because the employee could have sought recovery under the other injury for which no third party proceeds are available. Such an interpretation in effect would reward the employer for causing two work related disabilities instead of one. Accordingly, the Director's interpretation rejecting set-off is rational. ALJ Lasky properly relied on this interpretation to hold that Todd is not entitled to credit for proceeds received from third parties for Chavez's asbestosis.

Appellant Todd argues that the Director's position has changed during the course of this litigation making reliance on the Director's interpretation of the Act inappropriate. We reject this contention. The Director has consistently maintained the position that apportionment of the employer's credit relative to third party settlements is unavailable where settlement proceeds are for injuries different from that upon which the compensation claim is based. *See Force v. Director, OWCP*, 938 F.2d 981, 983–85 (9th Cir.1991). Moreover, the Director has not changed his position relative to this case. Initially the Director

was under the impression that asbestosis was the only work-related portion of Chavez's claim. Based on this misunderstanding of the facts, the Director stated that Todd should be entitled to full credit because the injury forming the basis of the compensation claim was the same as the injury forming the basis of the third party claim. Once the Director was informed that hypertension was also work-related and might be sufficient independently to support a finding of total disability for the compensation claim, he stated that further fact finding was necessary to determine whether Todd was entitled to any recovery on the third party claims. This does not indicate a change in position, but rather a proper understanding of the facts.

Todd also argues that ALJ Lasky's findings that Chavez's disability was seventy-five percent attributable to his hypertension and twenty-five percent attributable to his asbestosis are not supported by the substantial weight of the evidence. We disagree. In his August 15, 1986 Decision and Order, ALJ Lasky cited unrebutted testimony from Chavez's treating physician Dr. James Dahlgren that Chavez's hypertension comprised seventy-five percent of his disability and asbestosis comprised the remaining twenty-five percent. This finding is further supported by Dr. Herman Schoen who testified for Todd. ALJ Lasky also found that the hypertension was work-related. Chavez was exposed to noise in the shipyard and noise aggravated the hypertension. Accordingly, ALJ Lasky's findings that Chavez was totally disabled based on the hypertension alone is supported by substantial evidence in the record.

## CONCLUSION

In conclusion, the Director's interpretation of § 933 is reasonable and was properly adopted by ALJ Lasky. ALJ Lasky's findings that Chavez's hypertension made him totally disabled is supported by the evidence. Accordingly, since Todd is entitled to credit only to the extent that Chavez is compensated by third parties for the sole and same injury that gives rise to the disability claim, Todd is not entitled to credit for Chavez's third party compensation claims based on the

asbestosis. The petition for review is DENIED.