Domingo ALEXANDER, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Triple A Machine Shop, Inc., Respondents.

No. 00–70762

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Filed Dec. 19, 2001.

Brice Anderson, Brentwood, California, and Victoria Edises, Oakland, California, for the petitioner.

Joshua T. Gillelan, Washington, D.C., United States Department of Labor, for respondent Director, OWCP.

Robert E. Babcock, Sherwood, Oregon, for respondent Triple A Machine Shop.

Before: NOONAN, HAWKINS, and TASHIMA, Circuit Judges.

NOONAN, Circuit Judge:

Domingo Alexander petitions for review of a decision of the Benefits Review Board (the BRB) of the Department of Labor. The question presented is whether settlements he made with others of his employers should be credited against the amount owed by the last responsible employer, Triple A Machine Shop (Triple A). Holding that denial of the credit is compelled by 33 U.S.C. § 903(e) of the Longshore and Harbor Workers' Compensation Act (the LHWCA), we reverse the BRB and deny Triple A the credit.

## FACTS

From the 1940s through 1982, Alexander worked as a sheet metal worker, boiler-maker, and shipfitter on ships and in shops. He was exposed to asbestos from pine lagging on the ships and to metal fumes from cutters and welders in both ships and shops. In the 1950s, he suffered from emphysema. In 1974, he was diagnosed with bronchiectasis. In 1978, he was diagnosed as suffering from asbestosis. Among his employers were Southwest Marine, General Engineering, Service Engineering, and Triple A.

## PROCEEDINGS

Having settled with the first three employers, Alexander brought a claim for disability from asbestos against Triple A. On December 12, 1991, the Administrative Law Judge found Triple A to be the last responsible employer and so, under "the aggravation rule," liable for all of Alexander's injury. The ALJ found Alexander partially disabled, based on a respiratory impairment of 37.5%, entitling him to compensation beginning June 13, 1989 at a weekly rate of $79.53, with interest. The ALJ credited Triple A with an amount awarded Alexander under state Workers' Compensation. The ALJ also ruled that, after 104 weeks from June 13, 1989, Alexander would be compensated not by Triple A but under 33 U.S.C. § 908(f)(1) from the Special Fund. The ALJ ruled that Triple A was not entitled to a credit for Alexander's settlements with the three other employers.

Triple A appealed the denial of credit to the BRB, which remanded with directions to the ALJ to reconsider, in light of "the purposes of the independent credit doctrine" and 33 U.S.C. § 914(j). The ALJ reached the same conclusion it had first reached. The BRB reversed and held that the independent credit doctrine applied. On remand, the ALJ complied with this ruling, and the BRB then affirmed.

Alexander appeals.

## ANALYSIS

 The relevant statute provides:

33 U.S.C. § 903(e): Credit for benefits paid under other laws—Notwithstanding any other provision of law, any amounts paid to an employee for the same injury, disability, or death for which benefits are claimed under this chapter pursuant to any other workers' compensation law ... shall be credited against any liability imposed by this chapter.

As the statute refers only to payments made under "other workers' compensation laws," the statute provides no credit for settlements made under the statute itself.

 The plain meaning of the statute is confirmed by the position of the Director of the Office of Workers' Compensation Programs (the Director), to whom, not the BRB, we owe *Chevron* deference. *Port of Portland v. Director, OWCP*, 932 F.2d 836, 838–39 (9th Cir.1991); *see also Chevron, U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Because the BRB is not a policymaking agency, its interpretation of the LHWCA is entitled to respect but not special deference. *Kelaita v. Director, OWCP*, 799 F.2d 1308, 1310 (9th Cir.1986). We have already followed the Director in declining to extend the credit doctrine to a situation for which it was not devised. *Todd Shipyards v. Director, OWCP*, 139 F.3d 1309, 1313 (9th Cir.1998) (last employer not entitled to credit for proceeds paid by third party in settlement of employee's tort claim). The plain meaning has also been followed by the Fifth Circuit. *See ITO v. Director, OWCP*, 883 F.2d 422, 425 (5th Cir.1989).

The plain meaning also makes economic sense. To hold otherwise would be to make the injured longshoreman risk a settlement in which his last employer would get all the benefit. The employee's "good fortune in striking a favorable bargain" is not to be treated as a boon to the other defendants. *McDermott v. AmClyde*, 511 U.S. 202, 220, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994).

Against this conclusion Triple A raises several objections. First, it cites § 914(j), which reads:

Reimbursement for advance payments— If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due.

The plain language of § 914(j) authorizes credit for compensation advances made only by "the employer" (i.e., Triple A). Triple A argues that § 914(j) should be read in light of § 902(22), the "definitions" provision applicable to the entire title, which states that "[t]he singular includes the plural, and the masculine includes the feminine and neuter." Thus, Triple A argues, the "employer" referred to in the provision "includes the plural", and hence refers to all the employers potentially liable. Triple A concludes that it should be entitled to credit for monies previously paid by the other employers. A settlement, however, is not "an advance payment." Triple A's ingenious effort to find plural employers is mistaken. This section of the statute only applies to the employer found liable.

 Second, Triple A invokes § 933(f), which provides:

33 U.S.C. § 933(f): Institution of proceedings by person entitled to compensation—If the person entitled to compensation [sues a third party over the same injury,] the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the net amount recovered against such third person ...

This section of the statute, however, "is limited to the situation in which the third party is potentially responsible to both the employee and the covered employer." *See Castorina v. Lykes Bros. Steamship Co.*, 21 BRBS 136 at *3 (1988).

■ Thirdly, Triple A falls back on "the credit doctrine" that the BRB also invoked. The credit doctrine prevents double compensation that might result from the peculiarities of the aggravation rule. The aggravation rule requires an employer to pay full compensation for an employee disability, even if the work-related injury simply aggravated a preexisting disability, sustained, for example, while working for a previous employer. *Strachan Shipping Co. v. Nash*, 782 F.2d 513, 517 (5th Cir. 1986). The credit doctrine was developed through the case law of the BRB as a limit on the aggravation rule. It reduces an employer's liability by the amount the injured employee has previously received for that disability under the LHWCA. *Id.* at 517–18. Without the credit doctrine, an employee who sustains, say, a 20 percent hearing loss at a first job could bring and win a claim for compensation for that 20 percent. If he moves on to a second job and aggravates the disability, sustaining, say, a further 15 percent hearing loss, then absent the credit doctrine he would be able to bring and win a claim for a full 35 percent disability under the aggravation rule, effectively receiving double compensation for the initial injury. The credit doctrine is a "limit on the aggravation rule in order to prevent double recoveries where the worker has been actually compensated for disability to the same member at a previous point in time." *Id.* at 518.

In the course of approving both the BRB's development of the aggravation rule and its limitation by the credit rule, the Fifth Circuit said: "The credit doctrine, created by the BRB for the singular purpose of avoiding double recoveries, provides that an employer is not liable for any portion of an employee's disability for which the employee has actually received compensation under the LHWCA." *Nash*, 782 F.2d at 515. A little later in its opinion, the Fifth Circuit repeated and amplified this somewhat cryptic summary, as follows: "This pattern of providing full employee compensation while crediting an employer for the compensation actually paid from other sources also finds support in a recent amendment to the LHWCA. This statutory amendment makes clear that the credit doctrine should extend only to amounts *actually compensated* for previous disabilities." *Nash*, 782 F.2d at 520 (emphasis in original). The Fifth Circuit then quoted section 903(e) and explained that the credit applied "to compensation under state compensation systems or the Jones Act." *Id.* at 520. Subsequently, we in dicta quoted the first sentence without adding the explanation that followed. *Todd Shipyards Corp. v. Director, OWCP*, 848 F.2d 125, 126 (9th Cir.1988). Triple A seizes on our reference as if "any portion . . . for which the employee has actually received compensation under the LHWCA" referred to settlements of the kind at issue here. It does not, either in our dicta or in *Nash*.

The settlements that Alexander received were alternative to an entire award against any one of the three settling employers, who might have been liable for an entire award if found to be Alexander's last responsible employer. The credit doctrine, an equitable creation, cannot here trump the plain words of § 903(e).

For the reasons stated, we GRANT the petition for review, REVERSE the decision of BRB and REMAND.