**MATSON TERMINALS, INC., Employer; Commercial Insurance Service, Third Party Administrator, Petitioners,**

v.

**Werner BERG; Director, Office of Workers Compensation Programs; U.S. Department of Labor, Respondents.**

**No. 00–71391.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2001.*

Filed Jan. 29, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William N. Brooks, II, Aleccia & Brooks, Long Beach, CA, for petitioner Matson Terminals, Inc.

Judith E. Kramer, Carol A. De Deo, Samuel J. Oshinsky, Laura J. Stomski, U.S. Department of Labor, Office of the Solicitor, for respondent Director, Office of Workers' Compensation Programs.

Before: LEAVY, T.G. NELSON and W. FLETCHER, Circuit Judges.

## OPINION

WILLIAM A. FLETCHER, Circuit Judge.

In 1990, during the course of his employment with Matson Terminals, Inc., Werner Berg injured his knees in an industrial accident. He underwent arthroscopic surgery on both knees and received a worker's compensation award of $19,025.86 from Matson. In 1996, still employed by Matson, Berg again sustained work-related injuries to both knees.

An Administrative Law Judge (ALJ) awarded Berg disability benefits under § 908(f) of the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq. The ALJ found that the extent of Berg's preexisting impairment to each knee was 16%, and found Matson liable for two separate 104–week benefit periods arising out of the 1996 injuries to Berg's knees. The ALJ awarded two benefit periods rather than one on the ground that Berg suffered injuries to two knees rather than one. The Benefits Review Board affirmed the ALJ's order. Matson appeals.

■ Our review of the Board's decision "is limited to determining whether that decision is erroneous as a matter of law.... The Board must accept the ALJ's findings unless they are contrary to law, irrational, or unsupported by substantial evidence." *Director, OWCP v. Cargill, Inc.*, 718 F.2d 886, 887 (9th Cir.1983). Because the Board "is not a policymaking agency[,] its interpretation of the LHWCA ... is not entitled to any special deference from the courts." *Potomac Elec. Power Co. v. Director, OWCP*, 449 U.S. 268, 279 n. 18, 101 S.Ct. 509, 66 L.Ed.2d 446 (1980). *See also Alexander v. Director, OWCP*, 273 F.3d 1267, 1269 (9th Cir.2001); *Port of Portland v. Director, OWCP*, 932 F.2d 836, 838–39 (9th Cir.1991). However, "we accord 'considerable weight' to the construction of the statute urged by the Director of the Office of Workers' Compensation Programs, as he is charged with administering it." *Force v. Director, OWCP*, 938 F.2d 981, 983 (9th Cir.1991) (internal citation omitted). We will defer to the Director's view unless it constitutes an unreasonable reading of the statute or is contrary to legislative intent. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). We have jurisdiction pursuant to 33 U.S.C. § 921(c), and we affirm.

■ Matson first contends that Berg's right-knee injury is not a "discrete injury" from his left-knee injury because both arose from the same trauma. It contends that Berg has suffered only a single injury and that he is thus entitled to only one 104–week benefit period. The Director counters that the LHWCA is intended to compensate employees separately for multiple injuries, even when those injuries arise from the same accident, and that therefore Berg's two knee injuries constitute two separately compensable injuries under the statute. We agree with the Director and the Board that Matson's argument is contrary to the intent of § 908 of the LHWCA. That section provides a schedule of benefits payable for each in-

jured body part. *See* 33 U.S.C. § 908(c)(2) (referring to "[l]eg lost" in the singular). *See also id.* at. § 908(c)(22) ("In any case in which there shall be a loss of, or loss of use of, more than one member ... the award of compensation shall be for the loss of, or loss of use of, *each* such member or part thereof ...".) (emphasis added). The statute thus indicates that two liability periods should be imposed when both legs (or knees, in Berg's case) are injured.

Because the injuries to Berg's two knees are discrete injuries under 33 U.S.C § 908(f), the Board was correct in imposing two 104–week liability periods on Matson. *See Newport News Shipbuilding & Dry Dock Co. v. Howard,* 904 F.2d 206, 210–11 (4th Cir.1990) ("[A] 104–week liability period *per discrete injury* may be imposed on employers." (emphasis added)). It is irrelevant that the injuries arose from the same working conditions or that they arose from a single cause or trauma. What is relevant is that the working conditions caused two injuries, each separately compensable under § 908(f). *See, e.g., ITO Corp. of Baltimore v. Green,* 185 F.3d 239, 242–43 (4th Cir.1999) (affirming separate compensation awards under § 908 for ankle and shoulder injuries sustained in the same accident).

■ Matson next challenges the ALJ's finding limiting Berg's preexisting disability to 16%. Matson's physician, Dr. London, submitted a medical report indicating that Berg's 1990 injury resulted in a 16% impairment to both knees. The parties stipulated that the end result of the subsequent injury was a 50% impairment to both knees. We find that substantial evidence supports the ALJ's determination that the extent of the preexisting disability was 16% (and therefore 34% should be attributed to the subsequent injury). We affirm the ALJ's finding.

The decision of the Benefits Review Board is AFFIRMED.