Marie G. KANESHIRO, Surviving
spouse of Calvin Kaneshiro,
Petitioner,

v.

HOLMES & NARVER, INCORPORAT-
ED; Wausau Insurance Co.; Director,
Office of Workers Compensation Pro-
grams, Respondents.

No. 01–71727.
OWCP No. 15–352725.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 15, 2003.*

Decided Feb. 28, 2003.

Before SKOPIL, FERGUSON, and
BOOCHEVER, Circuit Judges.

* This panel unanimously finds this case suit-      able for decision without oral argument.  See

**80**

## MEMORANDUM**

Calvin Kaneshiro unsuccessfully sought worker compensation benefits in 1989, claiming that his chronic granulocyctic leukemia (CGL) was caused by exposure to radiation during his employment in 1954–56. After his death in 1997, his wife petitioned for modification based on alleged factual errors. The Benefits Review Board (BRB) affirmed the denial of benefits because the factual errors were harmless and because substantial evidence established that Kaneshiro's illness was not related to his employment. We have jurisdiction pursuant to 33 U.S.C. § 921(c), and we deny the petition for review.

## DISCUSSION

The Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–50 (as extended by the Defense Base Act, 42 U.S.C. §§ 1651–54), provides the statutory mechanism by which covered employees are entitled to compensation for work-related injury. *See Todd Shipyards Corp. v. Director, OWCP,* 139 F.3d 1309, 1311–12 (9th Cir.1998). The LHWCA specifically creates a presumption in favor of benefits for an injured employee by "providing that a claimant's injury is presumed to be covered by the Act...." *See Ramey v. Stevedoring Servs. of Am.,* 134 F.3d 954, 959 (9th Cir.1998) (citing 33 U.S.C. § 920(a)).

The issue here is whether Kaneshiro's employer overcame this statutory presumption by submitting "evidence specific and comprehensive enough to sever the potential connection between the disability and the work environment." *Id.* (internal quotation omitted). An administrative law judge (ALJ) found that the evidence "over-whelmingly indicates there was very little chance or possibility that Mr. Kaneshiro's disease was caused by his exposure to radiation through his employment." The BRB concluded that substantial evidence supports the ALJ's decision. Our task is to review the BRB's decision for "errors of law and adherence to the substantial evidence standard." *See Sestich v. Long Beach Container Terminal,* 289 F.3d 1157, 1159 (9th Cir.2002) (internal quotation omitted).

■■■ As a preliminary matter, we reject the employer's contention that the motion for modification was not timely. The LHWCA permits a party to seek modification of a decision "at any time prior to one year after the rejection of a claim." *See* 33 U.S.C. § 922. The BRB in this case reasonably interpreted "rejection of a claim" to mean the BRB's final decision. *See Stevedoring Servs. of Am. v. Director, OWCP,* 297 F.3d 797, 801 (9th Cir.2002) (noting that court must respect the BRB's interpretation of the statute where such interpretation is reasonable). The employer also contends that the motion improperly sought to review legal rather than factual determinations. The record indicates, however, that the ALJ carefully limited his review to the alleged "mistakes of fact" and specifically noted that "a party should not be allowed to attempt to retry a case through the modification procedures." Finally, the employer contends that the ALJ should not have permitted the modification procedure at all. We have noted, however, that "[t]he ALJ has broad discretion under section 922 to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

submitted." *See E.P. Paup Co. v. Director, OWCP*, 999 F.2d 1341, 1347 n. 1 (9th Cir.1993) (internal quotation omitted).

On the merits, Marie Kaneshiro generally challenges the finding that her husband's illness was not employment-related. Her specific objection, however, appears to be to the ALJ's finding regarding the amount of radiation that her husband received. Although Marie Kaneshiro offered expert testimony that her husband may have been exposed to as much as fifteen rem of radiation and that such a level of exposure could cause CGL, the ALJ credited the employer's experts, one who explained that Kaneshiro's "latent period" was too long for his CGL to have been caused by the occupational exposure, and another who concluded that even at an exposure of fifteen rem, "it is highly improbable, or less than one percent chance that Mr. Kaneshiro's CGL was the result of his exposure."

We agree with the BRB that the ALJ "rationally credited the medical opinions of record that conclude that decedent's CGL was not related to radiation exposure during the course of decedent's employment with employer." It is the function and responsibility of the ALJ to weigh the evidence and, if necessary, "to credit one witness's testimony over that of another." *See Duhagon v. Metropolitan Stevedore Co.*, 169 F.3d 615, 618 (9th Cir.1999) (per curiam). "[O]ur task is not to reweigh the evidence, but only to determine if substantial evidence supports the ALJ's findings." *Lockheed Shipbuilding v. Director, OWCP*, 951 F.2d 1143, 1146 (9th Cir.1991).

**PETITION FOR REVIEW DENIED.**