51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NAVY MILITARY PERSONNEL COMMAND; Cigna Insurance Company, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Minnie
L. Cobb, Respondents.
 No. 93-70737.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1995.*
Decided March 29, 1995.
 
 Before: NORRIS, WIGGINS AND FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Navy Military Personnel Command and CIGNA Insurance Company petition for review of the Benefit Review Board's decision which reversed the decision of an Administrative Law Judge granting the Navy's application for relief pursuant to 33 U.S.C. Sec. 908(f). We affirm.
 
 DISCUSSION
 
 3
 To be entitled to Sec. 908(f) relief, an employer must establish " '(1) that the employee had an existing permanent partial disability prior to the employment injury; (2) that the disability was manifest to the employer prior to the employment injury; and (3) that the current disability is not due solely to the most recent injury.' " Lockheed Shipbuilding v. Director, OWCP, 951 F.2d 1143, 1144 (9th Cir.1991) (citation omitted). Section 908(f) was enacted to prevent employer discrimination in the hiring and firing of handicapped workers. See Director, OWCP v. Campbell Indus. Inc., 678 F.2d 836, 839 (9th Cir.1982), cert. denied, 459 U.S. 1104, 103 S.Ct. 726, 74 L.Ed.2d 951 (1983).
 
 
 4
 For the purposes of Sec. 908(f), a preexisting permanent partial disability is one which is " 'such a serious physical disability in fact that a cautious employer would have been motivated to discharge the handicapped employee because of a greatly increased risk of employment-related accident and compensation liability.' " Lockheed Shipbuilding, 951 F.2d at 1145 (citing C & P Tel. Co. v. Director, OWCP, 564 F.2d 503, 513 (D.C.Cir.1977)).
 
 
 5
 A court will find a preexisting partial disability where the employee is under continuous physical stress from the time of the initial injury on and that interferes with work. Compare Campbell Indus., 678 F.2d at 840 (no preexisting partial disability where employee had suffered from three previous back injuries but returned to work within days without "additional medical problems"), with Lockheed Shipbuilding, 951 F.2d at 1145-46 (a previously existing disability was found where physicians reported that disability stemmed from prior accident, employee had suffered from pain for seven years and another physician testified that employee suffered from disc disease). See also CNA Ins. Co. v. Legrow, 935 F.2d 430, 436 (1st Cir.1991) (proof of previously existing disability will be undercut by a showing that the employee resumed regular physical labor without restriction or continuing medical treatment after recovering from each of his previous back injuries).
 
 
 6
 In the instant case the ALJ focused on reports of what appear to be a few isolated incidents. Cobb's present disability is caused by disc disease, and her claimed preexisting disability was to her lumbosacral spine. In 1977, Cobb was diagnosed with severe low back strain. In December 1982 she was diagnosed with possible sciatic radiation, and in May 1983 she complained of constant left-sided chest and back (apparently not lumbar) pain. In November 1983, her physician mentioned her left leg in a report that concentrated on her suffering from radicular pain in her left chest and tenderness along her left ribs. Finally, in October 1984 she was injured while working and her physician reported that she was physically incapable of returning to her job.
 
 
 7
 The evidence does not show that Cobb was suffering from a continual partial disability in her lower back. Instead, it appears that she returned to work each time without incident and was able to keep performing her regular duties. Moreover, the evidence is that Cobb experienced significant breaks in pain to her lower spine. For example, medical records from June 1983 to November 15, 1983, and from that day to the date of the incident fail to mention back pain, though they do mention a number of other problems.
 
 
 8
 Consequently, the Board did not err when it determined that the ALJ erroneously found isolated incidents of lower back pain to be a preexisting partial disability. Furthermore, that disposes of the second factor. That is, no preexisting partial disability could have been manifest. We need not comment on the third factor.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Federal Rule of Appellate Procedure 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3