NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERNARD CASTRO and ERIC A. DUPREE, Attorney for Claimant Bernard Castro, <br><br> Petitioners, <br><br> v. <br><br> SSA TERMINALS, LLC; et al., <br><br> Respondents. | No.   16-73170 <br><br> BRB No. 15-0481 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted February 15, 2018
San Francisco, California

Before:  SCHROEDER, TORRUELLA,** and FRIEDLAND, Circuit Judges.

Eric Dupree appeals from the Benefits Review Board's ("BRB") denial of

his petition for attorney's fees under the Longshore and Harborworkers'

Compensation Act ("Longshore Act").  We have jurisdiction pursuant to 33 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Juan R. Torruella, United States Circuit Judge for the
First Circuit, sitting by designation.

§ 921(c), and we DENY the petition for review.

"The decision of the BRB is reviewed for substantial evidence and errors of law." *Van Skike v. Dir., OWCP*, 557 F.3d 1041, 1045 (9th Cir. 2009). Factual findings are supported by substantial evidence if "a reasonable mind might accept [such evidence] as adequate to support a conclusion." *E.P. Paup Co. v. Dir., OWCP*, 999 F.2d 1341, 1353 (9th Cir. 1993) (quoting *Lockheed Shipbldg. v. Dir., OWCP*, 951 F.2d 1143, 1145 (9th Cir. 1991)).

Here, the BRB's decision that Bernard Castro did not successfully prosecute his Longshore Act claim as required by 33 U.S.C. § 928(a) was based on factual determinations that are supported by substantial evidence. First, substantial evidence supports the conclusion that the parties did not intend for a Section 3(e) credit to offset any liability imposed under the Longshore Act, *see* 33 U.S.C. § 903(e), because the settlement agreement stated that Castro was to receive "a lump sum payment of $0.00 under the [Longshore Act]." In other words, it is reasonable to conclude that the settlement did not impose any liability under the Longshore Act against which a Section 3(e) credit could apply.

Second, given that Castro received no payment under the Longshore Act, substantial evidence supports the conclusion that the parties did not intend for the $4,000 payment to serve as consideration for the release of Castro's Longshore Act claim. Even if the parties structured the agreement to avoid fees under the Act,

2

such a structure is permissible after *Evans v. Jeff D.*, 475 U.S. 717 (1986).

Petition for review **DENIED**.