**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARC CELLA, | No. 17-70998 |
| Petitioner, | LABR No. 16-0281 |
| v. | Dept of Labor |
| CARGOTEC SERVICES USA; et al., | MEMORANDUM[*] |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted June 7, 2018[**]
Seattle, Washington

Before: BYBEE and N.R. SMITH, Circuit Judges, and HUCK,[***] District Judge.

Petitioner Marc Cella worked as a longshoreman in the Port of Tacoma,

Washington, for many years. During his employment with Cargotec Services USA,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for the Southern Florida, sitting by designation.

Petitioner suffered a series of work and non-work related injuries. Petitioner contends that his work-related injuries caused him permanent total-disability and to stop working. He claims benefits under the Longshore and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C. § 908, from his employer, Cargotec Services, USA, and its insurance carrier (collectively, "Respondents"). An Administrative Law Judge ("ALJ") rejected Petitioner's permanent disability claim and, instead, awarded Petitioner compensation for temporary total disability from the date of his second work injury through the Maximum Medical Improvement ("MMI") date, August 11, 2011, determined by Petitioner's treating orthopedist, Dr. Dagher. The ALJ's award was affirmed by the Benefits Review Board ("the Board"). This appeal followed. We have jurisdiction pursuant to 33 U.S.C. § 921(c), and we affirm.

"It is well settled that the Board's findings may not be disturbed unless they are unsupported by 'substantial evidence on the record considered as a whole.'" *Cordero v. Triple A Mach. Shop,* 580 F.2d 1331, 1333 (9th Cir. 1978) (quoting *Banks v. Chi. Grain Trimmers Ass'n*, 390 U.S. 459, 467 (1968)). Moreover, "[t]he ALJ's findings must be accepted when they are supported by substantial evidence." *Lockheed Shipbuilding v. Dir., OWCP*, 951 F.2d 1143, 1144–45 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla. It means such relevant

2

evidence as a reasonable mind might accept as adequate to support a conclusion." *Amos v. Dir., OWCP*, 153 F.3d 1051, 1054 (9th Cir. 1998), *amended*, 164 F.3d 480 (9th Cir. 1999) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

1.     The ALJ determined that Petitioner lacked credibility due to his inconsistent, unsubstantiated, and exaggerated reporting of medical symptoms. "Where the ALJ relies on witness credibility in reaching his decision, our court will interfere only where the credibility determinations conflict with the clear preponderance of the evidence, or where the determinations are inherently incredible or patently unreasonable." *Cordero,* 580 F.2d at 1335 (internal quotations and citations omitted). Here, the ALJ's credibility determination, including his decision to discount Petitioner's subjective reporting of medical symptoms, neither conflicts with the clear preponderance of the evidence nor is inherently incredible or patently unreasonable. The ALJ set out in detail several instances of Petitioner reporting pain at maximum possible levels despite remaining ambulatory, alert, and oriented (which, the ALJ noted, is not possible), discussing medical symptoms experienced after the work incidents that are absent from emergency room records, and providing widely inconsistent reports of his symptoms and medical history to different medical providers. Petitioner's description of one of the work incidents also differed substantially from accounts

provided by other witnesses. Finally, Petitioner admitted that his memory of past medical visits and missed work was weak. Based on this evidence, the ALJ's decision to find Petitioner not credible will not be disturbed.

2. The ALJ also did not err by discounting medical opinions of one of Petitioner's treating physicians, Dr. Connolly, which were based on Petitioner's subjective medical reporting. Instead, the ALJ relied on the opinion of another treating physician, Dr. Dagher, and of examining physicians, Drs. Bays, Brooks, and Kirschner, who each examined Petitioner and reviewed his medical records to determine their respective medical opinions.

An ALJ has discretion to credit a non-treating physician over a treating physician.

> Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict.

*Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). But at the same time, an ALJ may not discard the "special deference" owed to a treating physician's opinion unless it is somehow contradicted or discredited as unreasonable. *Amos,* 153 F.3d at 1054.

4

There was a substantial conflict between Dr. Connolly's opinions and the opinions of examining, non-treating physicians. The ALJ rejected Dr. Connolly's opinion that Petitioner suffers from cervical radiculopathy which was based on Dr. Connolly's interpretation of MRI results combined with Petitioner's subjective reporting of related symptoms. Instead, the ALJ found more persuasive Drs. Bays, Brooks, and Kirschner's view that without objective evidence of specific accompanying, relevant symptoms, MRI results alone do not signal cervical radiculopathy.

The ALJ also found unpersuasive Dr. Connolly's opinion that the work incidents permanently aggravated Petitioner's pre-existing genetic disorder, McArdle's disease, because the record did not establish objective evidence of a link between the claimed injuries and aggravation of the McArdle's disease beyond a temporary symptom flare-up. Rather, the ALJ relied on Drs. Dagher, Bays, Brooks, and Kirschner's conclusions that the work injuries did not affect progression of the disease. The ALJ also relied on Drs. Bays and Kirschner's conclusions, rendered after their review of the pertinent medical literature, that the McArdle's disease could not be permanently aggravated by Petitioner's injuries stemming from the work incidents. The ALJ's decision not to defer to Dr. Connolly was therefore supported by substantial evidence.

3.     The ALJ's finding that Petitioner reached MMI on August 11, 2011 is also supported by substantial evidence in the record. The MMI date "triggers a change in the classification of a claimant's disability from temporary to permanent." *Hawaii Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 653 (9th Cir. 2010). Determination of an MMI date is a question of fact decided by the ALJ through his evaluation of the medical evidence. *Id.*

The ALJ relied on Dr. Dagher's MMI determination to find that Petitioner's work injuries would have resolved by August 11, 2011. After Dr. Dagher examined Petitioner several times prior to and after the work incidents, Dr. Dagher concluded, based on Petitioner's medical history and examinations, that Petitioner could return to work by August 11, 2011. After reviewing Petitioner's medical records, Drs. Bays and Kirschner agreed that Petitioner's work-related injuries would have resolved by that date. The only contrary evidence is Petitioner's own testimony, which the ALJ found unreliable, and Dr. Connolly's impression that Petitioner's McArdle's disease requires that he continue to be limited to sedentary duty. As discussed above, however, no objective evidence supports a conclusion that any of Petitioner's medical issues existing beyond August 11, 2011 related to the work injuries. On review, substantial evidence supports the ALJ's MMI determination.

6

4. The Board properly rejected Petitioner's contention that the ALJ erred by not addressing a claim for work-related headaches caused by the work incidents.[1] Here, Petitioner failed to properly submit notice that he claimed headaches as an injury for which he sought compensation. The Supreme Court has held that a claimant must give adequate notice of an injury giving rise to a claim for compensation under the Act. *U.S. Indus. / Fed. Sheet Metal, Inc. v. Dir., OWCP,* 455 U.S. 608, 613 & n.6–7 (1982) (citing 33 U.S.C. § 912(b)). Substantial evidence supports the Board's finding that the ALJ did not err by not addressing Petitioner's headaches as a separate work-related injury.

The judgment of the Board is **AFFIRMED**.

---

[1] While Petitioner did not allege an independent claim for headaches, the ALJ did address Petitioner's headaches within a discussion of Petitioner's credibility. The ALJ cited several examples of Petitioner inconsistently reporting headaches and accompanying symptoms to different doctors in support for his conclusion that Petitioner was not credible.