NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JESSE ARMSTRONG,

Petitioner,

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS; DINAH LIZBETH SOSA; ALL-STAR CLEANING & PRESERVATION, INC.,

Respondents.

No. 24-1492

Agency No. 22-0279
Benefits Review Board

MEMORANDUM[*]

On Petition for Review of an Order of the
Benefits Review Board

Submitted May 19, 2025[**]
San Francisco, California

Before: FRIEDLAND, BRESS, and MENDOZA, Circuit Judges.

Jesse Armstrong petitions for review of a Benefits Review Board (BRB) decision affirming an Administrative Law Judge's (ALJ) denial of benefits under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901, *et seq.* We have jurisdiction under 33 U.S.C. § 921(c), and we deny the petition for review.

Under the LHWCA, when a claimant makes a prima facie showing that he "suffered a harm" and that "a workplace condition could have caused, aggravated, or accelerated the harm," he triggers a statutory presumption that the harm was caused by the workplace condition. *Haw. Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 651 (9th Cir. 2010). His employer may then rebut the presumption by "presenting substantial evidence that is 'specific and comprehensive enough to sever the potential connection between the disability and the work environment.'" *Id.* (quoting *Ramey v. Stevedoring Servs. of Am.*, 134 F.3d 954, 959 (9th Cir. 1998)). If the employer carries that burden, "the presumption in favor of the claimant falls out of the case" and the ALJ weighs the evidence as a whole to determine "whether the claimant has established the necessary causal link between the injury and employment." *Id.* (quotations omitted).

The BRB must "accept the ALJ's findings 'unless they are contrary to the law, irrational, or unsupported by substantial evidence.'" *Id.* at 648 (quoting *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1163 (9th Cir. 2010)). We review the BRB's decision for "errors of law and for adherence to the statutory standard governing the BRB's review." *Id.* (brackets omitted) (quoting *Rhine*, 596 F.3d at

1163). We conclude that the BRB's decision is free of legal error and that substantial evidence supports the denial of benefits.

*First*, Armstrong's employers presented substantial evidence to rebut the statutory presumption that Armstrong's work as a tank cleaner caused or aggravated his knee arthritis and meniscus tear. The employers put forward a report and testimony from Dr. Sabahi, whose opinions were "specific and comprehensive enough to sever the potential connection between the disability and the work environment." *Id.* at 651 (quoting *Ramey*, 134 F.3d at 959). Dr. Sabahi opined, based on medical literature and record evidence, that Armstrong's knee issues were attributable to genetics and age and not to the cumulative impact of Armstrong's work as a tank cleaner. Among other things, Dr. Sabahi cited (1) the lack of medial osteophytes, which would have been present in injuries related to overuse; (2) the fact that the knee arthritis was "symmetrical" and average for Armstrong's age; and (3) Armstrong's well-preserved patellofemoral joint spaces, which Dr. Sabahi would have expected to be damaged based on Armstrong's claims of cumulative work-related injury. Dr. Sabahi further explained that the tasks involved in tank cleaning might have exacerbated knee pain on a temporary basis, but would not have worsened the underlying osteoarthritis, and any pain would have dissipated. These opinions were soundly based on record evidence and sufficiently supported.

Armstrong's claims of legal errors are similarly unavailing. The BRB's

decision does not conflict with *Parsons Corporation of California v. Director, Office of Workers' Compensation Programs, U.S. Department of Labor*, 619 F.2d 38 (9th Cir. 1980). While in *Parsons* we noted that the employer had presented a "paucity" of evidence, *id.* at 42, here the employers presented substantial evidence in the form of Dr. Sabahi's testimony. *See id.* at 41 ("Substantial evidence as used in the Act is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (quotations omitted)).

*Second*, the BRB did not err in concluding that the ALJ's denial of benefits was supported by substantial evidence, based on the ALJ's consideration of the record as a whole. *See Haw. Stevedores*, 608 F.3d at 651. Armstrong's arguments to the contrary largely center around certain facts and counterarguments that he believes undermine Dr. Sabahi's testimony. But the ALJ found Armstrong and his doctors' testimony less credible than Dr. Sabahi's, and Dr. Sabahi unequivocally opined, based on medical imaging and other reliable sources, that Armstrong's injuries were not work-related. In reviewing the agency's conclusions, "our task is not to reweigh the evidence, but only to determine if substantial evidence supports the ALJ's findings." *Rhine*, 596 F.3d at 1165 (quoting *Lockheed Shipbuilding v. Dir., Off. of Workers' Comp. Programs, U. S. Dep't of Lab.*, 951 F.2d 1143, 1146 (9th Cir. 1991)). That is the case here. And although Armstrong maintains that knee replacements are not typical for persons of his age, Armstrong does not address Dr.

Sabahi's opinion that reduced pain tolerance from opioid addiction can support earlier intervention through knee replacements.

**PETITION DENIED.**